Marwick v. Andrews.

GEORGE N. MARWICK & al. versus EZRA C. ANDREWS.

If a testator devises his estate to his wife, "to hold the same to her and her heirs forever. On condition, however, that my said wife shall support and maintain in a comfortable and suitable manner my much honored and now aged and infirm mother, should my mother survive me," the devise is upon a condition subsequent, and the estate is subject to forfeiture for neglect of performance.

The devisee became entitled to enter upon and enjoy the estate until forfeited; and no one can take advantage of a breach of such condition, and make an entry to create a forfeiture of the estate, but an heir at law of the devisor.

The Rev. Stat. c. 145, § 6, dispenses with the necessity of an entry in those cases in which a formal entry was required by the common law to restore the seizin to one who had been disseized, or otherwise deprived of it; but does not apply to cases where an entry was required, not as matter of form, but for the purpose of causing a change of title, or a forfeiture of the estate.

In certain cases, courts of equity give relief against forfeiture of title, depending upon the performance of conditions subsequent, when compensation can be made. But whether this Court have that authority under our statutes, may be doubtful.

WRIT OF ENTRY, dated October 25, 1845, to recover a lot of land in Portland.

The report of the trial, before WHITMAN C. J. is as follows: — The demandants read in evidence a deed from Edward Watts to Hugh Marwick and Lydia, his wife, of the demanded premises, dated June 27, 1795.

The demandants then called Abigail Marwick, who testified, that Hugh Marwick died previous to the year 1834; that there are no children of Hugh and Lydia Marwick living; and that the demandants are the only living grandchildren of Hugh and Lydia Marwick, and are the sons of George Marwick. On cross-examination, she stated that she is the mother of the demandants; that her husband died in 1821 or 1822; that Lydia Marwick died in March, 1844; that witness' husband had two brothers, Andrew S. and Frederick Marwick, and one sister, Nancy, all of whom are dead; that Andrew S. Marwick died in 1833 or 1834; that Lydia Marwick was in possession of the demanded premises till her death; that witness was married in 1816; and that Hugh died many years before she knew the family.

The tenant read in evidence a deed of the demanded premises from Lydia Marwick to Andrew S. Marwick, dated Oct. 25, 1830. Also a copy of the will of Andrew S. Marwick, approved and allowed on the first Tuesday of February, 1833, which is to make part of the case. Also a deed of the demanded premises from Elizabeth and John McKenney to the tenant, dated May 3, 1834, the said Elizabeth McKenney being the widow of Andrew S. Marwick, and the devisee named in his will.

The demandants then offered to prove, that neither Elizabeth, the wife of Andrew S. Marwick, nor her grantees of the demanded premises, ever supported and maintained, in a comfortable and suitable manner, Lydia Marwick, the mother of Andrew S. Marwick, according to the provision in the will of said Andrew, but that said Lydia, after the death of said Andrew S. had been dependent almost entirely upon charity for a support. This testimony the presiding Judge ruled to be inadmissible.

If the testimony offered by the demandants, and ruled out

by the presiding Judge, was inadmissible, then the demandants were to become nonsuit; otherwise the case was to stand for trial.

The following is a copy of the will referred to in the report of the case : —

"In the name of God, amen, I, Andrew Scott Marwick of Portland, in the county of Cumberland, and State of Maine, yeoman, being out of health but of sound, disposing mind and memory, do make, ordain and publish this my last will and testament.

"I give and bequeath to my beloved wife, Elizabeth Marwick, all my estate, real and personal, after paying out my just debts and funeral charges, to hold the same to her and her heirs forever. On the condition, however, that my said wife shall support and maintain in a comfortable and suitable manner, my much honored and now aged and infirm mother, should my mother survive me. And from the kind disposition heretofore manifested by my wife to my mother, I have great confidence, that the care and support of my mother cannot be trusted, under God, to better hands. And my dear wife will accept this sacred charge, in the fulfilment of which, in a spirit of kindness and meekness and forbearance to my much loved mother, God will reward her. And I do constitute my wife sole executrix of this my last will and testament. In testimony," &c.

*Rand* argued for the demandants.

The conveyance of the demanded premises was made to Hugh Marwick and to his wife, Lydia, jointly. As she survived her husband, she became sole seized of the estate. *Shaw* v. *Hearsey*, 5 Mass. R. 521. She conveyed the estate to Andrew S. Marwick. The demandants are heirs to Andrew S. Marwick and to Lydia Marwick; and unless the widow of A. S. Marwick can hold the estate under his will, the demandants are entitled to recover.

The widow of Andrew Marwick took an estate on condition, merely, which condition has never been performed. On failure to comply with the condition, the land went to the heirs

of the testator. 2 Jarman on Wills, 740, 796, 801; 1 Jarman on Wills, 411, and note; Sheph. Touch. 450; Com. Dig. Devise, M and N; Com. Dig. Condition, A 2, 4; *Baker* v. *Dodge,* 2 Pick. 619; *Taft* v. *Morse,* 4 Metc. 523. The testator had the land by gift from his mother, and his intention, clearly expressed, was that she should have her support from it. The condition of the will was to be performed within a reasonable time, or the land reverted. *Hayden* v. *Stoughton,* 5 Pick. 528; *Clapp* v. *Stoughton,* 10 Pick. 463.

The case shows, that Lydia Marwick was in the occupation of the premises at the time of her death. The possession was according to her title. She was, therefore, to be considered as having entered into the possession on account of the non-performance of the condition of the devise. But there was no necessity for any such entry, since the Revised Statutes went into operation. If there be a right of entry, it is enough to maintain the action. Rev. Stat. c. 145, § 6.

*W. P. Fessenden,* for the tenant, contended that the provision in the will for the support of the mother of the testator, was a mere charge upon the executrix and devisee, and not a condition requisite to be performed in order to hold the estate. Unless it were so, all after the first clause in the devise would be insensible. The words *on condition,* do not constitute a condition, when there are other words showing, that such was not the intention. Cruise, Title Devise; *Baker* v. *Dodge,* 2 Pick. 619.

It is the heir at law only who can enter for condition broken to create a forfeiture. Cruise, Title Estates on Condition, § 37, 44; 2 N. H. R. 202. The mother of the testator was his heir, and she never entered to create a forfeiture. And by not doing so during her life, she waived any right to do it. Her heirs do not take her right to make an entry for that purpose.

But if the demandants had been heirs to Andrew S. Marwick, they have never entered to create a forfeiture, or for any other purpose. Unless such forfeiture was perfected by an entry for that purpose, they derived no title to the land by inheritance.

The opinion of the Court was prepared by

SHEPLEY J. — The estate demanded in this action was conveyed by Edward Watts to Hugh Marwick and Lydia his wife, on June 27, 1795. The wife survived the husband, became entitled to hold the estate in fee, and conveyed it to her son, Andrew S. Marwick, on October 25, 1830. The son, by his will, approved in February, 1833, devised all his real and personal estate to his wife Elizabeth, after payment of his debts and funeral charges, "to hold the same to her and her heirs forever. On condition, however, that my said wife shall support and maintain in a comfortable and suitable manner my much honored and now aged and infirm mother, should my mother survive me." The mother survived her son and died in March, 1844. The demandants claim to be heirs at law of the mother and the son, and allege, that the estate has been forfeited by neglect to maintain the mother according to the provisions of the will.

The tenant claims the estate by a conveyance from the devisee and her second husband, made on May 3, 1834. His counsel contends, that the will should not be so construed as to give to the wife an estate on condition subsequent and subject to forfeiture for neglect to perform, because the testator has used other language indicating an intention to rely upon the strong injunctions to the wife for the performance of the duties required of her. He does express in the will great confidence, that the care of his mother could not be trusted to better hands, and that she will accept it as a sacred charge, for the fulfilment of which God will reward her. He does not, however, by his will charge the estate with her maintenance. When a devisor uses words suited to create an estate upon condition subsequent, and charges the same estate with the performance of all the duties and acts required by the conditional words, courts may, as they often have done, conclude, that it was the real intention of the devisor to make the estate continue to be security for the performance, and not to subject it to forfeiture for neglect. And words, which were apparently designed to create an estate upon condition, have been constru-

ed to have no such effect, when performance was required of the only person, who could legally make an entry to create a forfeiture of the estate. There is nothing in the present case, which would authorize a court to refuse to give effect to an express condition, upon which the devise to the wife was made. It being clearly a devise upon condition subsequent, the devisee became entitled to enter upon and enjoy the estate until forfeited. Her grantee would have the same rights.

No one can take advantage of such a condition, and make an entry to create a forfeiture of the estate, but an heir at law of the devisor. Litt. § 347; Co. Litt. 214. (b) & 218. (a); *Newis & ux.* v. *Lark*, Plow. 413. There is no proof in this case that an heir at law has ever made an entry for the purpose of causing a forfeiture of the estate.

The counsel for the demandants insists, that the action can be maintained in this State by virtue of the provisions of the statute, c. 145, § 6, without proof of such an entry. That section provides, that the demandant shall not be required to prove an actual entry under his title, but proof, that he is entitled to such an estate in the premises, as he claims, and that he has a right of entry therein, shall be deemed sufficient proof of the seizin alleged. The cases provided for by that section are those, in which a formal entry was required by the common law to restore the seizin to one, who had been disseized, or otherwise deprived of it. The statute does not in terms, and was not intended to apply to cases, where an entry was required not as matter of form, but for the purpose of causing a change of title, or a forfeiture of the estate, such as an entry under a mortgage for condition broken, or an entry upon a conditional estate to cause a forfeiture. The statute contemplates a case, where the party has already acquired a title, and an entry is necessary only to perfect the remedy. In this case the demandants can make no title to the estate, but by proof of neglect to perform the condition, followed by an entry made by an heir at law for the purpose of causing a forfeiture. They could not therefore bring their case within the terms of that section, if it had been applicable, for they

could not, without such an entry, prove their title to the estate. They could not therefore have been benefitted by the admission of the testimony excluded.

It appears, that the mother had deceased without an entry to create a forfeiture, and before this action was commenced, and it does not in this case appear, that she ever made any complaint, that she had not been maintained according to the provisions of the will. Whether the heirs at law may not be considered as having waived their right to do it by their omission to make an entry until after her decease, under such circumstances, is not now presented for consideration.

In certain cases courts of equity give relief against forfeitures of title depending upon the performance of conditions subsequent, when compensation can be made. Whether this would be a proper case for such relief; or whether this Court has power to relieve in a proper case, are also questions not now before the Court.

*Demandants nonsuit.*