# COUNTY OF OXFORD.

WILLIAM THOMAS *versus* PEREZ T. RECORD.

In a deed of warranty, immediately following the description of the land conveyed, the grantor inserted a provision, "I give the said S. T. R., (grantee,) this deed on the following conditions, to wit, the said S. T. R. shall maintain myself and my wife for and during the term of our natural lives," &c. : *Held,* that such provision constituted a deed on condition : —

*That,* for a breach of the condition, the grantor or his heirs may enter and take advantage of the breach, though there be in the deed no right of entry expressly reserved.

In such case, where there is no collusion between the parties to the deed, an execution creditor of the grantee will acquire no title to the premises, by a levy thereon.

REPORTED by GOODENOW, J.

WRIT OF ENTRY, to recover possession of a parcel of land in the town of Hebron.

The demandant claims under a levy, made on April 18, 1857, of an execution in his favor against Samuel T. Record. He also put into the case an office copy of a deed from the

defendant to said Samuel T. Record, which deed is of the date of August 30th, 1849. The land demanded in this action is the same which the execution was levied upon, and is a part of the estate embraced in the deed.

The defendant offers to prove by said Samuel T. Record, if the testimony is admissible against the plaintiff's objection, *that* he has been unable to provide for and support his father and mother according to the conditions of the deed; *that* he has left the farm which the defendant conveyed to him; *that* defendant has demanded of him support of himself and wife, according to the terms of the condition named in the deed, which he has refused to do or cause to be done for a long time, to wit, since the month of May, 1857.

The defendant offered to prove that, on the 19th day of January, 1858, he entered personally upon the premises, for the purpose of revesting the estate in himself, cut wood and timber growing thereon, and performed other acts of ownership upon the same; and has ever since continued in the possession and occupation thereof.

If the full Court should be of opinion, upon the evidence in the case, that the plaintiff is entitled to recover, and that no material part of the testimony offered by the defendant is legally admissible, judgment is to be rendered for the plaintiff; otherwise, the case is to stand for trial.

The conditions recited in the deed, before referred to, will be found in the opinion of the Court.

*J. J. Perry*, for plaintiff.

" In construing deeds, grants should be taken most forcibly against the grantor." 21 Maine, 69.

The defendant's deed vested in Samuel T. Record the fee in the premises, and he had the legal estate at the time of the levy. It is not a deed of gift. The consideration named is the acknowledged receipt of $475. The maintenance of the defendant and his wife is no part of the consideration.

The parties *intended* that the sale should be absolute. It was not their intention that the conveyance should be con-

tingent. The language of the deed indicates this. It contains these words—"meaning and intending to convey to the said Samuel," &c. And he covenants "to *warrant* and *defend* the premises forever against the lawful claims of all persons," whereby he is estopped to show want of title in himself, (15 Mass., 307); and, consequently, want of title in his grantee.

Clearly the deed is not one of mortgage.

The attempt of the defendant to revest the estate in himself is manifestly a collusion between him and Samuel T. Record to defraud the plaintiff, who is a creditor of the latter. It was not until after the plaintiff had recovered judgment against S. T. Record, that the defendant took possession of the premises. Until then the parties to the deed treated it as an absolute conveyance.

The "conditions" contained in the deed are not that, if the grantee fails to perform this or that thing, the deed shall be void. Nor in case of failure to perform on the part of the grantee he shall reconvey. The conditions are not to be construed as reservations or exceptions, for they have no such meaning. They were inserted in the deed to create a personal liability on the part of the grantee to support the defendant and his wife. If Samuel T. Record has failed to perform his agreement, made with the plaintiff, he has his remedy against him.

The evidence offered by the defendant is inadmissible. Parole evidence is not admissible to show that a deed, absolute upon its face, was intended as security, or to vary or alter the terms of a deed. 7 Maine, 435; 18 Maine, 146.

*Virgin & Dunnell*, for the defendant.

1. The deed given by the defendant to his son, Samuel T. Record, is but a deed on condition, and the condition is a condition subsequent. In support of this proposition, counsel, in argument, cited 2 Greenl. Cruise, 729; Shep. Touch., 121; 4 Howard, 353; Bac. Ab., Condition A; *Mich. State Bank* v. *Hastings*, 2 Doug., 225; *Gray* v. *Blanchard*, 8 Pick.,

284, and cases there cited; *Tallman* v. *Snow*, 35 Maine, 342; 6 Greenl., 106; 4 Kent's Com., 7th Ed., 136, note E; Com. Dig., Condition A.

2. The testimony offered in defence was admissible; othererwise the defendant could not show that the title was in himself, or that he had observed all the steps necessary to become seized of his first estate, and thereby avoid all intermediate charges and incumbrances, such as the levy of the execution, by virtue of which the plaintiff claimed the right of immediate possession. Shep. Touchstone, c. 6; *Gray* v. *Blanchard*, before cited.

The opinion of the Court was drawn up by

RICE, J.—The defendant was the original owner of the land demanded. On the 13th day of August, 1849, he conveyed the same to Samuel T. Record, by deed of warranty. That deed contains the following provision immediately following the description of the land conveyed,—"I give the said Samuel T. Record this deed on the following conditions, to wit, the said Samuel T. Record shall maintain and support myself, the said Perez T. Record, and Asenath Record, wife of the said Perez T. Record, for and during the term of their natural lives, and shall, at all times, furnish them with suitable and proper support, and shall treat them with kindness, and, in all respects, conduct towards them as is the duty of a son to his parents."

There are still further conditions, not, however, material to this issue. The deed contains no provision for reëntry.

The demandant claims by virtue of a levy upon a portion of the estate against Samuel T. Record.

Does the language in the deed constitute a condition? There can be no doubt that such is the fact. In the language of the Court, in *Gray* v. *Blanchard*, 8 Pick., 284,—" The words are apt to create a condition; there is no ambiguity, no room for construction; and they cannot be distorted so as to convey a different sense from that which was probably the intent of the parties." The conditions are consistent with the

nature of the grant; not incompatible with any rule of law; not requiring any thing immoral, and not inconsistent with public policy. Nor is there any evidence of fraud or collusion between the defendant and Samuel T. Record, in the case as presented.

It is usual in the grant, to reserve in express terms to the grantor and his heirs a right of entry for breach of condition; but a grantor, or his heirs, may enter and take advantage of a breach, though there be no such clause of entry in the deed. 4 Kent's Com., 123; *Gray* v. *Blanchard,* 8 Pick., 284.

The evidence offered was competent and pertinent. The action will, therefore, *stand for trial.*

TENNEY, C. J., and APPLETON, GOODENOW, DAVIS, and KENT, JJ., concurred.