SETH LABEREE *versus* CYRUS R. CARLETON *& al.*

As between the parties to a deed, a consideration is not necessary.

Conditions subsequent are not favored in law, and are raised only by apt and sufficient words.

A condition is a qualification or restriction annexed to a conveyance.

The words must not only be such as of themselves import a condition, but must be so connected with the grant in the deed as to qualify or restrain it.

M. L. conveyed land by deed of warranty to the plaintiff, conditioned that, if the grantor "maintained and supported," the plaintiff, &c., the deed to be void. Subsequently, M. L. having deceased, the plaintiff conveyed the same premises, by deed of quitclaim, to his son M., "in consideration of the conditions to be performed for me and mine by" M., "agreeably to the deed of the late M. L. to me;"—*Held*, that the claim "in consideration of the conditions," &c., did not constitute a condition of the latter deed, but only a description of the consideration.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding. REPLEVIN of hay and other property.

The plaintiff introduced a deed of warranty from Miles Laberee to Seth Laberee, (plaintiff,) dated Feb. 14, 1842, duly acknowledged and recorded, conveying the land therein described, "intending to be the same premises I recently purchased of Daniel Good." Immediately following the covenants, occurred the following:—"Provided, nevertheless, that if the following conditions and things shall be duly and fully performed by me, the said Miles, that is to say, that, whereas for services had and received by me, the said Miles, and divers good considerations moving me thereunto, if the said Miles shall well and truly find, provide

for, maintain and support my father, the said Seth, and my mother Susan," &c., "during their natural lives," &c., "then the aforesaid deed shall become void, otherwise," &c.

Also a deed from Seth Laberee to Myrick Laberee, dated April 10, 1849, duly acknowledged and recorded, "in consideration of the conditions to be performed for me and mine by Myrick Laberee agreeably to the deed of the late Miles Laberee, deceased, to me the said Seth Laberee, dated Feb. 14, 1842," remising, releasing unto the said "Myrick Laberee, his heirs and assigns forever, all right, title and interest in and to the premises," described in the "aforesaid deed from Miles Laberee, dated," &c.

Upon the construction of the latter deed the rights of the parties depended.

For the purpose of presenting the construction to the Law Court, the presiding Judge ruled *pro forma* that the deed conveyed a fee simple and not a fee upon condition. If the ruling was correct, the plaintiff was to become non-suit.

*A. G. Stinchfield*, for the plaintiff.

*Gould*, for the defendant.

DANFORTH, J.—The only questions involved in this case are raised upon the validity and construction of the plaintiff's deed to Myrick Laberce. It is contended that the deed is void for want of consideration. In this State, it has been held that, as between the parties to a deed, a consideration is not necessary. *Green* v. *Thomas*, 11 Maine, 318.

The question principally argued is, whether the deed conveys a fee simple or conditional.

In *Rawson* v. *Inhabitants of School District No. 5, in Uxbridge*, 7 Allen, 125, the principles applicable to conditional deeds are clearly set forth, and the authorities cited and commented upon so fully as to render it unnecessary to go over the ground again. It was there held that conditions subsequent are not favored in law, are not to be raised readi-

ly by inference or argument, and only when apt and sufficient words are used for that purpose.

It is also a fundamental principle, that a condition is a qualification or restriction annexed to a conveyance. The words must not only be such as of themselves import a condition, but must be so connected with the grant in the deed as to qualify or restrain it. Neither of these requirements appear to be complied with in the deed under consideration. The words relied upon for this purpose are found in the premises, and are as follows:—"In consideration of the conditions to be performed for me and mine, by Myrick Laberee, * * agreeably to the deed of the late Miles Laberee * to me." It will be seen that the conditions in Miles' deed are referred to and thereby become a part of this. These conditions are certain stipulations to be performed by Miles, as a condition of his deed, but when incorporated into the plaintiff's deed, as the reference requires, they become stipulations, to be performed, not by the grantor, but by the grantee, and not as a condition of the deed, but as descriptive of the consideration and nothing more. The meaning of the language would not be changed if it should read, in consideration that Myrick has agreed to perform the stipulations specified. The words are merely descriptive of the consideration for which the deed was given, and do not in any way qualify or limit the conveyance.

It is however contended that admitting these words to refer exclusively to the consideration, still, as no other consideration is named and this is a promise of future service, it thereby becomes a condition to the conveyance.

In the case already cited, pp. 128–129, BIGELOW, C. J., says, "it is sometimes said when a deed is made * * * in consideration of an act to be done or service rendered, it will be interpreted a conditional estate. But this is an exception to the general rule, and is *confined* to cases where the subject matter of the grant is in its nature executory; as of an annuity to be paid for service to be rendered or a privilege to be enjoyed. But ordinarily the failure of the

consideration of a grant of land, or the non-fulfilment of the purpose for which a conveyance by deed is made, will not of itself defeat an estate." The deed under consideration, being one of an executed grant, comes under the rule and not under the exception. The case cited is much stronger than the one at bar.

Plaintiff's counsel contends that this is a question for the jury. The terms of a contract, when in dispute, are to be ascertained by the jury. The construction of it, when ascertained, is always for the Court. *Moore* v. *Holland*, 39 Maine, 307; *Homans* v. *Lambert*, 21 Maine, 308.

*Plaintiff nonsuit.*

APPLETON, C. J., DAVIS, KENT, WALTON and DICKERSON, JJ., concurred.