ELIZA W. MERRILL, by Julia E. Merrill, next friend, in equity, *vs.* WILLIAM E. BICKFORD *et als.*

Cumberland, 1875.—April 11, 1876.

*Will. Annuity. Words.*

When the same sentence by which land is devised imposes upon the devisee the duty of paying an annuity, and no other fund is provided out of which the payment is to be made, such annuity is a charge upon the land.

"During their natural lives," when used to indicate the duration of an annuity means so long as either of the persons named shall live.

An annuity payable to the husband during the natural lives of himself and wife, does not cease at the death of the husband. Such an annuity is not payable to the wife, but becomes assets in the hands of the husband's administrator.

BILL IN EQUITY.

The facts were agreed, and are sufficiently stated in the opinion to raise the legal points.

*A. Merrill*, for the plaintiff.

*C. R. Ayer* and *W. H. Clifford*, for the defendants.

WALTON, J. The will of Judith W. Edgecomb, among other bequests and devises, contains the following :

"*Twelfth.* I give and bequeath to W. F. Bickford a lot of land known as the Coleman lot, and being the same I purchased of Thos. E. Fox ; also four oxen and two cows, the same now on the farm ; and said Bickford shall pay or cause to be paid to Thos. H. Merrill, my brother, the sum of sixty dollars per year during the natural lives of said Thos. H. Merrill and his present wife."

I. Was this annuity a charge upon the land therein devised ? We think it was. When the same sentence or clause by which land is devised imposes upon the devisee the duty of paying an annuity, or other sum of money, and no other fund is provided, out of which the payment is to be made, such annuity or legacy is a charge upon the land ; and if the devisee accepts it, he takes it subject to such charge.

II. This annuity was to continue "during the natural lives of said Thos. H. Merrill and his wife." Would it cease upon the death of one of them ? We think not. We think the annuity is payable so long as either lives. *Douglas* v. *Parsons*, 22 Ohio St. R., 526.

III. Thos. H. Merrill is dead. His widow still lives. Is she entitled to the annuity ? We feel compelled, very reluctantly, to answer this question in the negative. It was made payable to Thos H. Merrill, and, although its payment survives, there is nothing to indicate an intention on the part of the testatrix that it should, in any event, or at any time, be payable to the widow. It will therefore be assets in the hands of the administrator of Thos. H. Merrill, and can only be given to the widow by a decree of the judge of probate. This suit not being prosecuted by the proper party, the decree prayed for cannot be made, and the bill must be dismissed.                 *Bill dismissed.*

*No cost for either party.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.