JONES, *Plaintiff in Error,* v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY.

**Bona Fide Purchaser:** FRAUDULENT REPRESENTATIONS: ADEQUATE REMEDY AT LAW: LACHES: CONDITION SUBSEQUENT. In a suit to set aside a conveyance to a railroad company of twelve acres of land, the petition stated that the consideration thereof was the location of a depot on said land, and that by the terms of the deed said land was to be used for depot purposes alone; that the grantor did not

know what quantity of land was necessary for such purposes and relied upon the company for information, that the company represented that about twelve acres were required; that only three acres had been or could be used for that purpose, and that the remaining nine acres were not used for any purpose except a small portion by other parties by permission of the company. *Held*, that this petition was demurrable on the grounds, 1st, That it contained no allegation that the consideration was expressed in the deed, and none that the defendant or his grantors, purchasers from the company, took with actual notice thereof. 2nd, That it contained no allegation that the representation made was for a fraudulent purpose or was knowingly false. The allegation as made shows nothing more than the expression of an opinion. 3rd, It appeared that there was a right of entry for condition broken, and there was no allegation of an entry or claim of forfeiture for more than twenty years. There was, therefore, an adequate remedy at law, and laches. 4th, The only allegation of connection between the grantor and plaintiff was that " plaintiffs are the only parties interested in said real estate adversely to defendant;" and conditions of the above character enure only to the grantor and his heirs.

*Error to Montgomery Circuit Court.* — Hon. G. Porter, Judge.

Affirmed.

*Hughes & Johnson* for plaintiff in error.

*Wells H. Blodgett* for defendant in error.

Philips, C.—This case comes up on demurrer to the following petition:

Plaintiffs state that defendant is a corporation duly incorporated under and by virtue of the laws of the State of Missouri; that on the 2nd day of April, 1857, James Jones and Elizabeth, his wife, executed and delivered to the North Missouri Railroad Company, a corporation then incorporated and existing under and by virtue of the laws of the State of Missouri, their deed, conveying to said company the following described tract of real estate situated in Montgomery county, Missouri, to-wit: (description omitted). Plaintiffs further state that there are twleve acres more or

less, contained in the foregoing described tract; that the consideration for said conveyance was the location of a depot by the said company on said land; and that by the terms of said deed said land should be used for depot purposes alone; that at the time said deed was made the amount of land required and necessary for depot purposes was unknown to the said Jones, who relied for information in that regard upon the representatives of said company, and that said Jones, under the belief produced by said company that about twelve acres were necessary for depot purposes at said town of Jonesburg, conveyed the land hereinbefore described; that said company did not locate a depot on said land, but soon after the execution and delivery of said conveyance, built a depot near said land and made its stock-yards and laid its side-tracks on a small portion of said land, to-wit: three acres more or less, and that such improvements remain at the present time as formerly placed by the said company; that the remainder of said tract, comprising the greater portion thereof, to-wit: nine acres more or less, is open and uninclosed and has been ever since the said grant, and is not now, nor has it ever been used for depot purposes or for any other purpose by the North Missouri Railroad Company, or the defendant, except a small part thereof which is and has been used for a long time, with the consent and permission of said North Missouri Railroad Company and this defendant, by various individuals, not connected with or in any way interested in the business of the North Missouri Railroad Company or this defendant, for their own private purposes solely. Plaintiffs state that defendant, by virtue of a conveyance from one Morris K. Jessup, about July, 1872, (who purchased the interest of said North Missouri Railroad Company in said land at a public sale under a mortgage or deed of trust made by said North Missouri Railroad Company about August, 1871,) to this defendant, has succeeded to all the rights which accrued to said North Missouri Railroad Company under the said deed of Jones; that defendant is now

in the possession, with its stock-yards and side-tracks, of three acres off of the south side and the southeast corner of said land, which is all of said land that is necessary or that can be used for the purposes set forth in said deed of Jones, and that the consideration for the remainder of said land has wholly and totally failed, and that the remainder of said land, to-wit: nine acres more or less, can be separated and detached from said three acres used by defendant without any injury, hurt or inconvenience to defendant. Plaintiffs further say that on the 10th day of May, 1866, the said James Jones departed this life, and these plaintiffs are the only parties interested in said real estate adversely to defendant; that plaintiff Virginia A. Jones is a minor and sues by her curator, Thomas Jones, who was regularly and legally appointed as such curator by the county court of Montgomery county, Missouri. Wherefore plaintiffs pray that the court order and decree that all the right, title, interest and claim of defendant of, in and to the real estate hereinbefore described, except that portion used by the defendant, to-wit: three acres for its stock-yards and side-tracks, be vested in these plaintiffs, and for all other and proper relief.

To this petition the defendant demurred, assigning the following grounds of objection: 1st, The petition does not state facts sufficient to constitute a cause of action; 2nd, The statute of limitations; 3rd, The claim is stale; 4th, There is no equity in the bill; 5th, The petition is vague, indefinite and otherwise defective. The court sustained the demurrer, and the plaintiffs brings the case here on writ of error.

The averments of this petition are not specific. Too much is left to conjecture. It is not alleged that the consideration as to the location of the depot on this land, was expressed in the deed from James Jones to the railroad company. On the contrary, the statement respecting the consideration, being immediately followed by this distinct averment, "that by the terms of the said deed said land

should be used for depot purposes alone," would plainly indicate that the consideration for the conveyance was not expressed in the deed. *Expressio unius exclusio alterius.* This being so, any subsequent purchaser without notice in fact, would acquire the title free from any burden or liability, save that the land could only be used for depot purposes. The petition states that long after the grantee, the railroad company, took the title, it mortgaged the land, and that one Jessup became the purchaser under said mortgage, and conveyed to the defendant. There is no allegation that the mortgagee or the defendant took with any notice of the alleged consideration. The presumption of law is, that they are *bona fide* purchasers, at least until the title of their grantor is assailed for fraud.

The allegations of the bill are not sufficient to make an issue of fraud even against the railroad, grantee, under James Jones. All that is averred in this connection is that the railroad company represented that it would require about twelve acres for depot purposes. It is not averred that the representation was so made for a fraudulent purpose, with the intent to mislead or gain an unconscionable advantage, or that the company knew the statement was false. It is nothing more as averred, than the expression of an opinion. *Peers v. Davis*, 29 Mo. 184; *Hodges v. Torrey*, 28 Mo. 103; 1 Story Eq., 191, 199, 200; Cooley on Torts, 483.

Stripped then as the case is, of any legitimate issue of fraud, as to the railroad company obtaining the deed, how stands the cause of action? It is simply the case of a conveyance by A to B on a condition to be thereafter performed by B. The utmost that the plaintiffs can claim, under the allegations of the bill, is that the title should not vest in the company until the consideration of the grant is performed. The grantee or his assigns, being in possession, the remedy of the grantor in such case, is clearly to enter as for condition broken. *Messersmith v. Messersmith*, 22 Mo. 370, 372; *Moore v. Wingate*, 53 Mo. 399; *Warner .v*

*Bennett,* 31 Conn. 468; *Hooper v. Cummings,* 45 Me. 359; *Cross v. Carson,* 8 Blackf. 138. In such a case the party entitled to reclaim the granted land has a clear and adequate remedy at law, and, therefore, has no standing in a court of equity. Authorities above cited. It is also well settled law, since the days of Lord Coke, that "when any man will take advantage of a condition, if he may enter he must enter, and when he cannot enter he must make a claim, and the reason is, for that a freehold shall not cease without entry or claim, and also feoffor or grantor may waive the condition at his pleasure." 1 Coke Litt., 218. Here the grantor himself stood by from 1857 to 1866, the date of his death, without asserting any forfeiture or claim, so far as the petition discloses; nor indeed does it appear that any such claim was ever asserted prior to the institution of this suit in 1877, more than twenty years after the grant. This is manifest laches in equity. *Hooper v. Cummings,* 45 Me. 365, and cases cited. If ejectment will not lie neither will a bill in equity. *Rogers v. Brown,* 61 Mo. 187.

Again, it is equally established that conditions of this character can only be reserved for the grantor and his heirs. "A stranger cannot take advantage of the breach of them." 1 Shep. Touch., 149; 4 Kent Com., 56; *Bangor v. Warren,* 34 Me. 329; *Marwick v. Andrews,* 25 Me. 530; *Cross v. Carson, supra.* What right, even conceding that a remedy exists for breach of the condition in question, do the complainants show in themselves to bring this action? The bill contains no averment that plaintiffs are heirs, or such legal representatives of the grantor as would give them a standing in court to assert a forfeiture or enter for the condition broken. The only averment of the petition, touching this important fact, is that "these plaintiffs are the only parties interested in said real estate adversely to defendant." This is a mere conclusion of law, and not the statement of facts constituting a cause of action in the plaintiffs. How did they become interested? By inheritance, devise or purchase? and from whom came their interest?

The demurrer was properly sustained, and the judgment of the circuit court is, therefore, affirmed. All the commissioners concur.

For the reasons given in the foregoing opinion HOUGH, C. J., and HENRY, J., were of opinion that the judgment of the circuit court should be affirmed. NORTON and SHERWOOD, JJ., concurred in the result. RAY, J., having been of counsel, did not sit.