GEORGE W. DRAKE, Appellant, v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, April 15, 1889.

**Pleading:** DEPARTURE IN CHANGING ACTION EX DELICTO INTO EX CONTRACTU. The original petition, filed against the S. & N. Railway Company, alleged trespass in unlawfully entering plaintiff's farm and wilfully throwing down fences, etc., the first amended petition made the L. & F. Railway Company defendant, alleged the same matters of trespass and the consolidation and merger of the two corporations; the second amended petition having been held bad on demurrer, and the case being dismissed as to the original defendant, the S & N. Company, the third amended petition alleged that the S. & N. Company committed the alleged trespass, and there arose on its part an obligation to pay plaintiff and then sold its line to the S. & F. Company, and that company by the terms of sale and deed assumed and agreed to pay all liabilities, etc., of the S. and N. including the damages claimed in this suit. *Held,* the last petition set out an action on the contract and constitutes a clear departure from the prior petitions which declared in trespass.

*Appeal from the Polk Circuit Court.*—Hon. W. I. Wallace, Judge.

Affirmed.

*J. B. Upton,* for appellant.

(1) The court erred in sustaining the demurrer to the last amended petition. There are but two points in the case: (*a*) In this case, should the last petition be treated as an amendment of the original petition, and not of the first or second amended petitions? (*b*) Is the last petition an amendment or a departure? As to the first point I am aware that the courts have used language that would sustain the theory that all subsequent pleadings should be treated as amendments of the first, and for some purposes they undoubtedly are, but in this case the second petition was the original as to this defendant, and defendant appeared and answered that petition, consequently the demurrer which complained of a variance from the first petition, should have been overruled. Defendant also entered a general appearance to the second amended petition. (2) As to the second point, the last petition is no departure from the first, or any preceding petition in the cause. It is claimed by respondent that it is a departure because the first petition is an action *ex delicto* for damages to appellant's crops, while the last petition is an action *ex contractu*, on the contract contained in the deed executed by the two railway companies. If I sue John Smith on a promissory note, and pending the suit Smith dies and I amend the petition, making his administrator a party, it may as well be said that my last petition is an action on the letters of administration. I plead the letters of administration not as a cause of action, but to show why I am now entitled to recover against a party who was a stranger to the cause of action originally. Just so in the case at bar—the contract

contained in the deed is pleaded to show why respondent is now liable for the damages to plaintiff's crops, committed by another. If pending a suit there be a novation of parties, it is no departure to set up the facts which constitute the novation. The authorities relied upon by respondent have no application to this case, while the case of *Robertson v. Railroad*, 26 Mo. App. 633, is decisive of the case in appellant's favor.

*E. D. Kenna*, for respondent.

(1) It does not seem necessary for this court to determine whether the last amended petition must be considered as an amendment to the original petition, or to the first amended petition, for in either event the demurrer should be sustained. (2) We desire, however, to earnestly insist, that every amendment of a petition relates to, and is considered as, an amendment of the first petition filed in the case, and that the question of whether there has been a new or different cause of action stated in the last amended petition, must be determined by a comparison of it with the petition first filed. This was so held in *Robertson v. Railroad*, 21 Mo. App. 633, a case involving the same question presented here, and in which case, the St. Louis court of appeals expressly decided, that every amendment relates to the first petition filed in the case. (3) In the last amended petition there is no allegation of a consolidation or of a merger, but, on the contrary, a consolidation (which means an amalgamation of companies under section 789, of the Revised Statutes of 1879) was expressly negatived, and the fact averred that the Springfield & Northern Railway Company had sold its railway to the respondent, and that the deed, by which such property was transferred, provided that the respondent should assume all the obligations of the Springfield & Northern Railway Company, one of which, appellant alleged,

was that set forth in his petition. The last suit was therefore an action on a contract, pure and simple. It was based upon an agreement alleged to have been made between two parties for the benefit of a third. To simplify matters we ask appellant to state whether the action averred in his last amended petition was *ex delicto* or *ex contractu*. (4) There can be no question, under the decisions in this state, that if the last amended petition stated a cause of action *ex contractu*, and the petition, to which it was an amendment, stated an action *ex delicto*, that the amendment was not allowable, and the demurrer should have been sustained. *Parker v. Rhodes*, 79 Mo. 88. " An amendment, which changed the cause of action from trover and conversion to an action of fraud and deceit, should not have allowed." *Field v. Maloney*, 78 Me. 172 ; Bliss Code Pl., sec. 429 ; *Lottman v. Barnett*, 62 Mo. 159 ; *Gibbons v. Steamboat*, 40 Mo. 253 ; *Millikin v. Whitehouse*, 49 Me. 527 ; *Cooper v. Waldron*, 50 Me. 80 ; *Summer v. Brown*, 34 Vt. 194 ; *Steffy v. Carpenter*, 37 Pa. St. 41 ; *Snead v. McCoull*, 12 How. 407 ; *Walden v. Bodley*, 14 Pet. 156.

GILL, J.—We are asked by plaintiff to reverse this cause on an alleged error by the trial court in sustaining a demurrer to plaintiff's third amended petition. The ground of demurrer to the fourth petition ( " third amended petition " ) was a departure ; that said third amended petition set forth an entirely different cause of action from that contained in the original. Briefly stated the four petitions filed in this cause were in substance as follows :

The first complained of the Springfield & Northern Railway Company for a trespass in that said corporation, while constructing its road from Springfield to Bolivar, Missouri, entered upon the farm of the plaintiff and wilfully and carelessly threw down the fences and

turned in stock, etc., upon the crops of plaintiff to his damage, etc.

The second (first amended) petition included the St. Louis & San Francisco Railway Company along with the Springfield and Northern Railway Company as a defendant, and charged the same matters of trespass as in the first and alleged further a consolidation of the two corporations, whereby they became merged, etc., and asked judgment against both for the damages consequent on such trespass.

It is unnecessary to recite the second amended petition, since its contents add no light to an understanding of the controversy.

However, upon a demurrer being sustained to said second amended petition, the plaintiff thereupon filed his third amended petition, first having dismissed the case as to the original defendant, Springfield and Northern Railway Company.

The fourth (third amended petition) alleged that the Springfield & Northern Railway Company committed a trespass upon the property of the plaintiff, in the manner heretofore stated, and that, by reason of such trespass, there arose on the part of the Springfield & Northern Railway Company an obligation to pay plaintiff, and that then the latter company sold its line of railway to the St. Louis & San Francisco Railway Company, and that the last-named company, by the terms of sale and deed to it assumed and agreed to pay all the obligations, liabilities and debts of the Springfield & Northern Railway Company, including the damages sought to be recovered in this suit.

Whether we regard this last amended petition as an amendment to the first or second petition, it would seem the plaintiff had clearly abandoned his original, and was seeking the enforcement of a new and distinct cause of action.

The gist of plaintiff's complaint in either of said two first petitions is the same. In the first it is alleged a trespass was committed by the Springfield & Northern Railway Company, in that it threw down plaintiff's fences, etc., and let in stock to damage his crops, etc. And in the second petition the same charge is made against defendant St. Louis & San Francisco Railway Company, since it is alleged to be one and the same as the Springfield & Northern Railway Company, by merger or consolidation with said company.

In the third amended petition, the action is one on contract whereby it is sought to charge the defendant St. Louis & San Francisco Railway Company by reason of its agreement and undertaking with the Springfield & Northern Railway Company to pay the liabilities of said last-named company. Of course there is no doubt that a third party may sue on a contract between two others for his benefit—but it is nevertheless *an* action *on the contract* and is a very different action from a suit in trespass, such as set out in the original or first amended petition in this cause. Under the uniform ruling in this state the court was correct in sustaining defendant's demurrer to the third amended petition, since it alleged an entirely new cause of action from that contained in the original, or first amended petition. A clear case of departure. *Fields v. Maloney*, 78 Mo. 172 ; *Parker v. Rhodes*, 79 Mo. 92 ; Bliss Code Pl., sec. 429.

The judgment of the circuit court is affirmed. The other judges concur.