KERTZ v. GRIMMINGER.

(Court of Civil Appeals of Texas. Ft. Worth. March 30, 1912.)

1. PARTIES (§ 19*)—ACTIONS.
     In an action by the widow of the grantor to recover the interest due on purchase-money notes which in terms made the principal payable to the grantor's daughters and the interest payable to the grantor and plaintiff, his wife, the holders of the notes were not necessary parties.
     [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 19–23; Dec. Dig. § 19.*]

2. ANNUITIES (§ 4*)—ANNUITY TO GRANTORS —RIGHTS OF SURVIVOR.
     Where a deed contemplated that payment of interest on purchase-money notes should continue during the joint lives of the grantors and the life of the survivor by way of an annuity, the survivor may recover the entire annuity, and not merely a moiety thereof.
     [Ed. Note.—For other cases, see Annuities, Cent. Dig. §§ 13, 14; Dec. Dig. § 4.*]

Appeal from District Court, Clay County; P. A. Martin, Judge.

Action by Sophia Grimminger against Leonard Kertz. From a judgment for plaintiff, defendant appeals. Affirmed.

Mathis & Kay, of Wichita Falls, for appellant. Denny & Moss, of Henrietta, for appellee.

SPEER, J. Sophia Grimminger, widow of John Grimminger, filed this suit in the district court of Clay county to recover certain interest alleged to be due on a series of vendor's lien notes given for the purchase money for lands sold by her deceased husband and herself. The principal of the notes was made payable to the daughters of the grantors; but the interest, according to the deed of conveyance, was "payable every four months to John Grimminger and his wife, Sophia Grimminger." The defendant sought a continuance to make parties, which being denied, he answered, and from an adverse decision before the court without a jury has appealed.

[1] Counsel for appellant states there are but two questions involved on this appeal. The first is as to the necessity for making the holders of the notes above referred to parties to this action, and the second involves the construction of the deed made by John Grimminger and his wife, by the terms of which appellant was obligated to pay the interest on the purchase-money notes to appellee and her deceased husband. Whether this action be considered as one based on the purchase-money notes or not, it is clear to us the holders of such notes are not necessary parties to this action, since in any event such holders by the allegations and proof have no interest whatever in the recovery; that is, the interest alone, which by the terms of the deed and the notes, if they follow the deed, was expressly made payable to John Grimminger and Sophia Grimminger.

[2] As to the second question involved, this must be determined by the intention of the parties. The evident purpose of the grantors was to provide an annuity for their maintenance during their natural lives, and there is nothing to indicate that the same was to be paid in equal parts or other proportions to the beneficiaries. The deed contains a provision that S. Humboldt, to whom one of the vendor's lien notes was payable, might elect to mature such note earlier than it matured according to its reading, "provided she will pay the interest above stated on same to us to our death," which provision in connection with the general purpose of the conveyance makes clear the intention that the payment of such annuity was to continue during the joint lives of the grantors and the life of the survivor. In such a case the survivor is entitled to sue for and recover the annuity, and not merely a moiety. Hayden v. Snell, 9 Gray (Mass.) 365, 69 Am. Dec. 294; Merrill v. Bickford, 65 Me. 118; Douglas v. Parsons, 22 Ohio St. 526.

There is no error in the judgment, and it is affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes