INHABITANTS OF FRENCHVILLE

*vs.*

MICHAEL GAGNON.

Aroostook.    Opinion October 8, 1914.

*Condition.   Covenant.   Deed.   Forfeiture.   Intention.   Trespass.*

1.   Language in a deed will not be construed into a condition subsequent, unless the terms of the grant will admit of no other reasonable interpretation.

2.   When the language in a deed makes it doubtful whether a condition or a covenant be meant, it is always to be construed as a covenant.

3.   A deed to a town for a schoolhouse lot contained the following language:— "In addition to the consideration of two hundred and twenty five dollars paid by the Inhabitants of the town of Frenchville aforesaid, the above piece or parcel of land is conveyed on condition and in consideration of a promise made by said Inhabitants that a good and substantial fence shall be forever maintained by them inclosing the said premises."

*Held*, that the language should be construed as a covenant, and not a condition.

On report.    Judgment for plaintiff for $20.

This is an action of trespass quare clausum to recover damages for entering upon a lot of land situate in Frenchville and destroying trees, grass, etc.    At the conclusion of the testimony, the case was reported to the Law Court, upon so much of the evidence as is

legally admissible, the Court to render such judgment as the rights of the parties require. It was further stipulated by the parties that, if the Law Court sustains the contention of the plaintiff, that the trespass was committed, damages are to be $20.

The case is stated in the opinion.

*Hersey & Barnes,* for plaintiff.

*Peter C. Keegan and Madigan & Pierce,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J. Trespass quare clausum. The case comes before this court on report, with a stipulation that if the plaintiff is entitled to recover, the damages shall be assessed at twenty dollars. The premises in question were conveyed by the defendant to the plaintiff town in 1898 for a schoolhouse lot by a warranty deed which contained between the description and the habendum the following language:—"In addition to the consideration of two hundred and twenty-five dollars paid by the Inhabitants of the town of Frenchville as aforesaid, the above piece or parcel is conveyed on condition and in consideration of promise made by said inhabitants that a good and substantial fence shall be forever maintained by them inclosing the said premises." The plaintiff contends that the foregoing language should be regarded as a covenant merely, for breach of which an action would lie. On the other hand the defendant says that it is a condition subsequent. And acting upon that assumption, in 1912 he entered and took possession of the premises, as for a breach of condition, with the intention of revesting title in himself. This constitutes the trespass complained of. Whether the language in the deed constitutes a covenant or a condition, in either event, the case shows a breach. It follows that if it be a covenant, and not a condition, the title remains in the plaintiff, even though there has been a breach, and the town is entitled to judgment. On the contrary, if it be a condition subsequent, the title is in the defendant, he committed no trespass, and he must have judgment.

Courts are reluctant to declare forfeitures. Conditions subsequent as the basis of forfeiture are not favored in law. This is the rule in this State and everywhere else. *Bray* v. *Hussey,* 83 Maine, 329. Language in a deed will not be construed into a condition

subsequent, unless the terms of the grant will admit of no other reasonable interpretation. The language is to be construed strictly against the grantor. No language will be construed into a condition subsequent contrary to the intention of the parties, when the intent can be gathered from the whole instrument read in the light of surrounding conditions. *Weir* v. *Simmons,* 55 Wis., 643. The strongest words of condition will not work a forfeiture of the estate unless they were intended so to operate. *Bragdon* v. *Blaisdell,* 91 Maine, 326. Apt words from which a clear implication arises are necessary for the creation of a conditional grant, but the use of apt words does not always create a condition. *Bray* v. *Hussey,* supra. The intention shown by the whole deed controls. Sometimes the use of words such as "null and void," indicative of an intention of forfeiture, or the insertion of a clause of re-entry, are held conclusive on the question of intention. But a condition subsequent may be created without either a forfeiture clause or clause of re-entry. *Thomas* v. *Record,* 47 Maine, 500.

In the clause under consideration, the words "on condition" are apt words to create a condition; but the additional words, "and in consideration of promise made by said inhabitants" are not. In a deed, they are words appropriate to covenant. When the language in a deed makes it doubtful whether a condition or a covenant be meant, it is always to be construed as a covenant. *Bragdon* v. *Blaisdell,* supra; *Hoyt* v. *Kimball,* 49 N. H., 322; *Woodruff* v. *Woodruff,* 44 N. J. Eq., 349.

It is sufficient for the purposes of this case to say that the language used if it be not construed strictly as a covenant, leaves it in doubt whether the parties intended to create a condition or a covenant; whether they intended the grantor's remedy for breach should be by forfeiture whereby the town would lose not only the land, but the schoolhouse, if any, upon it; or whether it should be by ordinary action at law for damages. In accordance with the principles already stated, that doubt must be resolved in favor of a covenant and against a condition, so as to avoid forfeiture.

*Judgment for plaintiff for $20.*