Alice WHICHER, As Guardian of
James Abbott, et al.

v.

Aurore V. ABBOTT, et al.*

Supreme Judicial Court of Maine.

Argued June 6, 1982.
Decided Aug. 16, 1982.

J. Armand Gendron (orally), Sanford, for plaintiff.

Waterhouse, Carroll & Cyr, Robert B. Woodman (orally), Biddeford, Robert W. Ferguson, Springvale, for defendant.

Before McKUSICK, C. J., NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

CARTER, Justice.

This appeal involves the construction of the will of Lincoln Abbott who died in 1945 owning a farm in North Berwick. His wife, Mary L. Abbott, predeceased him. Abbott was survived by ten children and three grandchildren, issue of a deceased child. In his will, Lincoln Abbott left all his property to his son Bernard Abbott "in consideration of and on the condition and obligation" that he furnish maintenance and support for James Burton Abbott, the incompetent son

* The caption has been revised to reflect more accurately the principal parties in interest.

of the testator. Bernard Abbott died testate in 1953 survived by his spouse and nine children. James Abbott is currently alive.

The principal plaintiff in this action is Alice Whicher, legal guardian of her brother James Abbott. The defendants include the widow and certain children of Bernard Abbott and other heirs at law of Lincoln Abbott and their successors in title. The plaintiffs brought an action in Superior Court, York County, seeking *inter alia*, construction of the will of Lincoln Abbott and a declaration of the rights of the defendants and the plaintiffs. An agreed statement of facts was submitted to the Superior Court. The Superior Court entered an order that construed the will as making the testator's farm security for the support of James Abbott in the form of a testamentary trust with James Abbott, Bernard Abbott, and the heirs of Bernard Abbott as beneficiaries. Since we conclude that this construction of the will is in error, we vacate the judgment of the Superior Court and remand for further proceedings.

The will of Lincoln Abbott first bequeaths "one dollar and nothing more" to eight named children and three named grandchildren, children of a deceased son, because they are "amply able to care for his or her self." The remainder of the will provides the basis for the instant dispute. That portion of Lincoln Abbott's will states:

Second: To my son, Bernard L. Abbott, who resides with me on my homestead farm, I give, bequeath and devise all my real estate ... and all my property consisting of goods and chattels of every kind and description now being on my said real estate and used and connected therewith, in consideration of and on the condition and obligation, on his part to be performed, that he said Bernard L. Abbott furnish a home, with care, maintenance and support in conjunction with the similar obligations and provisions made by my deceased wife, Mary M. Abbott, in paragraph Fifth of her last will and testament for and in behalf of our son, James Burton Abbott, not hereby releasing the estate of my deceased wife from its obligations, for my dependant [sic] son, James Burton Abbott, at all times, during the period of said James Burton Abbott's natural life; That during the period of the natural life of said James Burton Abbott said Bernard L. Abbott shall have the use, income, management and control of said real estate with power to sell and convert into money crops grown on said real estate including the growing wood and timber trees, but shall not sell or convey any land during the life time of said James Burton Abbott. If said Bernard L. Abbott shall neglect or refuse to comply with, carry out, and fulfil the consideration and condition and obligations set forth in this paragraph for the benefit of said James Burton Abbott then this bequest and devise to said Bernard L. Abbott shall become null and void.

Third: At the decease of said James Burton Abbott, if said Bernard L. Abbott has performed the conditions and obligations made for the benefit of said James Burton Abbott as set forth in paragraph Second of this will, and said Bernard L. Abbott is living then it is my will that the bequest and devise made to him in paragraph Second of this will become absolutely vested in him, and if not then living shall become absolutely vested in the heirs at law of said Bernard L. Abbott, to the exclusion of all my other heirs at law.

Fourth: It is my wish and desire that the real estate devised in this will be kept in the Abbott name, and be deeded and willed by said Bernard L. Abbott, to my grandson Lincoln Abbott if living, and if not living then to the other sons or son of said Bernard L. Abbott,

Third: [sic] I hereby nominate and appoint my said son Bernard L. Abbott sole executor of this my last will and testament and recommend that he serve in that capacity without bonds.

In determining the proper construction of these provisions of Lincoln Abbott's will, we are guided by the well-established rule giving controlling effect to the intent

of the testator as expressed in the will and in light of surrounding applicable circumstances. *E.g., In Re Estate of Thompson,* Me., 414 A.2d 881, 887 (1980); *First Portland National Bank v. Kaler-Vaill Memorial Home,* 155 Me. 50, 57–59, 151 A.2d 708, 713 (1959). While a court may not "rewrite the will to conform to its own notions as to suitability of the bequest," our "primary duty ... is to seek the intention of the testatrix." *Babb v. Rand,* Me., 345 A.2d 496, 498 (1975). Canons of construction, although helpful, are not *per se* controlling and must give way to the true intent of the testator. *In Re Estate of Thompson,* 414 A.2d at 887; *Bar Harbor Bank and Trust Co. v. Preachers Aid Society of the Methodist Church,* Me., 244 A.2d 558, 561–62 (1968). Repugnant portions of a will must be reconciled if possible by considering the will in its entirety and as an expression of consistent intents. *Thaxter v. Fry,* Me., 222 A.2d 686, 688, 690 (1966).

■ In the case at bar, the Superior Court determined the intent of the testator to be the providing of support and maintenance to James Abbott during the lifetime of James Abbott. We agree with this interpretation. The language of the will clearly provides for the support of James Abbott. Moreover, the will and other documentary evidence suggests that James Abbott is "incompetent" and "dependent," while the other children of the testator are "amply able to care for his or her self." With this intent in mind, we next turn to the language of the will in order to ascertain the testator's testamentary scheme for satisfying this intention.[1]

The defendants urge on appeal that the will creates a fee simple on condition subsequent, that condition being the maintenance and support of James Abbott. The Superior Court implicitly rejected this construction when it found that the farm in question was not subject to forfeiture on

the failure of performance on the part of Bernard Abbott. The court noted that forfeiture would cause the real estate to pass through intestacy to Lincoln Abbott's ten children and three grandchildren. Since such an occurrence would make less of the assets of the estate available for the support of James Abbott, the court reasoned that construction of the will as creating security for the performance of the support obligation was far more consistent with the testator's intent.

In support of this position, the trial court relied on this Court's decision in *Marwick v. Andrews,* 25 Me. 525 (1846). The Court in *Marwick* stated:

> When a devisor uses words suited to create an estate upon condition subsequent, and charges the same estate with the performance of all the duties and acts required by the conditional words, courts may, as they often have done, conclude, that it was the real intention of the devisor to make the estate continue to be security for the performance, and not to subject it to forfeiture for neglect. And words, which were apparently designed to create an estate upon condition, have been construed to have no such effect, when performance was required of the only person, who could legally make an entry to create a forfeiture of the estate.

Id. at 529–30. The trial court erred to the extent it viewed the language of *Marwick* as a broad grant to read words of condition as merely creating security for performance of a support obligation when to do otherwise would defeat the ultimate goal of the testator.

The premise underlying *Marwick* is that the use of words of condition does not, in and of itself, create a conditional fee. The basis of the rule was aptly explained in *Inhabitants of Frenchville v. Gagnon,* 112 Me. 245, 91 A. 951 (1914).

---

1. The defendants contend that the Superior Court improperly considered evidence as to James Abbott's disability and age. Any error in this respect was harmless. That James Abbott is incompetent is plain from the will, petition for guardian of adult person, the complaint and the answer to the complaint, all documents that are part of the record. The age of James Abbott can be derived from the guardianship papers. The fact that the court mentioned James Abbott's disabling disease and date of birth is of little significance to this case.

Courts are reluctant to declare forfeitures. Conditions subsequent as the basis of forfeiture are not favored in law. This is the rule in this State and everywhere else. Language in a deed will not be construed into a condition subsequent, unless the terms of the grant will admit of no other reasonable interpretation. The language is to be construed strictly against the grantor. No language will be construed into a condition subsequent contrary to the intention of the parties, when the intent can be gathered from the whole instrument read in the light of surrounding conditions. The strongest words of condition will not work a forfeiture of the estate unless they were intended so to operate. Apt words from which a clear implication arises are necessary for the creation of a conditional grant, but the use of apt words does not always create a condition. The intention shown by the whole deed controls. Sometimes the use of words such as "null and void," indicative of an intention of forfeiture, or the insertion of a clause of re-entry, are held conclusive on the question of intention. But a condition subsequent may be created without either a forfeiture clause or clause of re-entry.

In the clause under consideration, the words "on condition" are apt words to create a condition; but the additional words, "and in consideration of promise made by said inhabitants" are not. In a deed, they are words appropriate to covenant. When the language in a deed makes it doubtful whether a condition or a covenant be meant, it is always to be construed as a covenant.

Id. at 246–47, 91 A. at 951 (citations omitted); *Hinton v. Vinson*, 180 N.C. 393, 394–400, 104 S.E. 897, 898–900 (1920); *see generally* 5 *Page on Wills* ch. 44 (Bowe-Parker rev. 1962) (hereinafter cited as *Page on Wills*). Accordingly, when the language is unmistakable and clear, we have construed provisions for support as creating a condition. *See Pomerleau v. Pomerleau*, 123 Me. 522, 124 A. 243 (1924); *Thomas v. Record*, 47 Me. 500 (1859).

The facts of this case, however, present a more uncertain situation. It is true that the "null and void" and "absolutely vested" language of the will is highly indicative of a condition. *See Inhabitants of Frenchville*, 112 Me. at 247, 91 A. at 951; *Britton v. Taylor*, 168 N.C. 271, 273, 84 S.E. 280, 281 (1915). Nevertheless, the words "in consideration" and "on the . . . obligation" suggest a different intent. *See Inhabitants of Frenchville*, 112 Me. at 247, 91 A. at 951; *see also Emery v. Swasey*, 97 Me. 136, 141, 53 A. 992, 994 (1902); *Laberee v. Carleton*, 53 Me. 211, 213 (1865). There is no language of gift over, re-entry or reverter. *Hinton*, 180 N.C. at 399, 104 S.E. at 900; *Page on Wills* § 44.2 at 400. Moreover, as the Superior Court noted, the clearly expressed intent of the testator that the estate serve as an earnest for the life-time support of James Abbott would seemingly be defeated by the creation of a condition. In short, neither the words nor the apparent intent of the testator indicate by clear implication the creation of a condition. In view of the judicial policy against the declaration of a forfeiture, we cannot say that the Superior Court erred in concluding that the land in question was not subject to forfeiture.

■ We do not agree, however, with the court's conclusion that the will created a trust with the real estate as a res. As suggested by the defendants, the hallmarks of a trust are conspicuously absent. No words of trust are contained within the will and Bernard Abbott is entitled to the full use of the property. *See Clifford v. Stewart*, 95 Me. 38, 49 A. 52 (1901); 5 *Page on Wills* §§ 40.6, 40.9. Of further significance on this matter is the reference in the will to a *"similar* obligation" contained in the will of Mary Abbott, the wife of Lincoln Abbott.

Mary Abbott, by her will, devised property to a daughter and a son "in trust for the support . . . of my son James Burton Abbott." Mary Abbott's will also provides for the appointment of these two children as trustees and for the termination of the trust upon the death of James Abbott. Given Lincoln Abbott's awareness of and

reference to this provision, his failure to use words of trust or incorporation in his will, and the lack of other evidence indicative of an intent to create a trust, we find erroneous the Superior Court's conclusion that Lincoln Abbott's will created a trust.

Our conclusion is buttressed by the general rule that the preferred construction of a devise made "on condition" that the devisee support another is that such a devise creates a charge. As noted in *Page on Wills*:

A devise is frequently made "on condition" that the devisee furnish support or pay money to a third person; or other language is used which, if taken by itself, would suggest that the gift was upon condition. The courts prefer to construe such provision as creating charges rather than conditions, since they prefer a construction which will make the estate vest as early as possible. If the provision is merely a condition, renunciation by the devisee, or the failure of the devisee to make such payments, will defeat the estate of the devisee, it is true; but it will also defeat the beneficial legacy or support payments to the third person if no other provision is made for its payment; and it will likewise defeat the legacy if, by the will, it may be paid out of the personal property generally, but there is insufficient personal property to pay the costs of administration, debts, and legacies. For these reasons, the courts are disposed to treat such provisions as creating charges or liens, or, as they sometimes call them, trusts, rather than as conditions. In case of doubt, the absence of a gift over in case of failure of the devisee to pay the legacies, is generally held to show that the provision for payment is not a condition; and that it is probably a charge. Language which does not purport to impose a condition, but to fix the order of payment in point of time will not be regarded as creating a condition, but rather a charge.

At any rate a devise of land on condition that the devisee pay money, render services, and the like to a specified person creates a charge on such land.

*Page on Wills* § 51.4 (footnotes omitted); *see Emery v. Swasey*, 97 Me. 136, 53 A. 992 (1902) (subject to obligation to furnish support); *Merrill v. Bickford*, 65 Me. 118 (1876) (devisee shall pay to another sum of sixty dollars per year);[2] *Page on Wills* §§ 44.6, 44.22, 51.12, 51.26; 73 Am.Jur.2d, *Support of Persons* § 26; 80 Am.Jur.2d *Wills* §§ 1770, 1776–77.

In view of this rule of construction, the language of the will and the discussion above relating to trust and conditions, we conclude that the will of Lincoln Abbott created a charge upon the land devised to Bernard Abbott. The exact parameters of any obligation arising by virtue of the charge vis-à-vis the rights of James Abbott as against the devisee (and those who take through him) and as against the land cannot be addressed on this appeal. Those issues are for the trial court in the first instance.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

**2.** In *Merrill* the Court enunciated the rule of construction that "[w]hen the same sentence or clause by which land is devised imposes upon the devisee the duty of paying an annuity, or other sum of money, and no other fund is provided out of which the payment is to be made, such annuity or legacy is a charge upon the land. *Merrill v. Bickford*, 65 Me. at 119; *see Huard v. Hegarty*, 122 Me. 206, 119 A. 609 (1923). Given the decision in *Merrill*, we cannot accept the defendants' suggestion that *Marwick v. Andrews*, sets forth a dispositive requirement that the will contain words expressly charging the estate.