HODGES, Respondent, v. TORREY, Appellant.

1. In order that fraudulent representations made by a vendor to a vendee with respect to the character of the improvements upon the land sold may be the basis of relief to the purchaser in an action by the vendor on a promissory note given for a portion of the purchase money, it must appear that the misrepresentations were made with respect to something material and constituting an inducement to the contract.

*Appeal from Putnam Circuit Court.*

*Davis*, for appellant.

I. The only question here is as to the answer. If the answer sets up facts which, if true, entitle the party in law to a

deduction in damages from the amount due by the note, then the court mistook the law in striking out the answer. The point is considered as settled in the cases of House v. Marshall, 18 Mo. 371, and that of Grand Lodge of Masons v. Knox, 20 Mo. 433.

*Holly & Burckhartt* and *Tindall*, for respondents.

I. The answer does not state that the appellant is damaged any amount. It does not state that the representations were falsely and fraudulently made, but states that they were false and fraudulent from the fact that the pre-emption right and improvements were not in existence. If the parties both had equal means of knowledge, and the appellant had an opportunity of examining the land for himself and neglected to do so, it is his own fault and he is without redress. (See Sandford v. Justice, 9 Mo. 855.) The mere fact that respondent represented that improvements were on the land which were not on the land does not constitute a defence unless it is alleged that he did so knowing that he was making false representations. The answer does not allege that the respondent had no claim upon said land at the time of filing the answer, or that there has been any failure on his part to convey the land to him. The answer does not state the facts fully. (See Copeland v. Loan, 10 Mo. 266.)

SCOTT, Judge, delivered the opinion of the court.

This was a petition to foreclose a mortgage given to secure the payment of a promissory note. It seems the defence set up was a partial failure of consideration, caused, it is alleged, by the false and fraudulent misrepresentations of the plaintiff. There were three answers filed to the petition. The first answer stated that the only consideration of the note was an undertaking on the part of the plaintiff to convey to the defendant, by a good and sufficient deed, the north half of the north-east quarter of section 18, in township 66, range 20 ; that plaintiff failed to execute the conveyance, and that defendant had never received possession of said land. This

answer also contained a set-off to the plaintiff's demand, amounting to $234, alleged to be for so much money had and received of defendant to and for the plaintiff's use. This answer was on motion stricken out. An amended answer was then filed in which it was stated that the note sued on was given as a part of the consideration of the purchase of the south-west quarter of the south-west quarter of section five, and the east half of the north-east quarter of section seven, and the west half of the north-west quarter of section eight, and south-east quarter of the north-east quarter of section eighteen, and also the north half of the north-east quarter of section eighteen, all in township 66, range 20; that the price agreed to be paid for these lands was the sum of $2,630; that all of said sum had been paid except the note secured by the mortgage, the subject of this suit, which was given wholly in consideration of the balance of the purchase money aforesaid; that the plaintiff, at the time of the sale of the said lands, represented that he had and owned a legal pre-emption right and claim to the last mentioned tract, to-wit: the north half of the north-east quarter of section eighteen, which was estimated at the price of $234, which formed a part of the said sum of $2,630; that the representations of plaintiff were false and fraudulent in this, that the plaintiff did not hold or have any claim of pre-emption or any right to said land, but the same was public land. This answer was, on motion, stricken out. A second amended answer was filed. The amended answers were filed at a term subsequent to that at which the first answer was filed. The last answer stated that the note sued on was given in consideration of the balance of the purchase upon a contract of sale for the following described lands, viz., the south-west quarter of the south-west quarter of section five; the east half of the north-east quarter of section seven, and the west half of section seven, and the north half of the north-east quarter of section eighteen, township 66, range 10; that at the time of the sale of the lands the plaintiff represented that he had possession of and owned a pre-emption claim

and had improvements of the value of $234 on the last mentioned tract of land, viz., the north half of the north-east quarter of section eighteen; that the purchase was made, relying upon said representation, without any examination of said land by the defendant; that the said representation was false and fraudulent in this, that the plaintiff did not have a claim or the possession of said land at said time, but that the same was public land; that said representation was moreover false and fraudulent in this, that the plaintiff did not have on the said land improvements of the value of $234 or of any other value; that in truth and in fact there were no improvements on the same. Wherefore defendant said that by reason of such false and fraudulent representations he had been damaged, and he claimed and asked to recoup the sum of $254 from said note. This answer was stricken out, and the defendant failing to answer further, judgment was entered for the plaintiff.

This case is unlike that of House v. Marshall, 18 Mo. 368, in which relief was given on account of misrepresentations as to the quality of the land made by the vendor to the purchaser. There land lying in Missouri was sold to one in Kentucky, who had never lived in Missouri, and who had never seen it. So, in the case of Smith v. Richards, 13 Pet. 26, which is a leading one on this subject, a sale was made of land lying in Virginia to a citizen of New York, who had never seen it. Here, it does not appear that the defendant was ignorant of the state of the land. His petition shows that he seeks relief on the ground that the improvements did not exist, which were represented to be on the land. The defendant says that he did not examine the land. As that subject was on his mind, why did he not make a clean breast of it, and state whether or not an examination of the land was necessary in order to be apprised of its state? For aught that appears, he might have lived within sight of it. Sugden says the rule of the civil law was *simplex commendatio non obligat*. If the settler merely made use of those expressions which are usual to settlers who praise at random

Hodges v. Torrey.

the goods which they are desirous to sell, the buyer, who ought not to have relied upon such expressions, could not upon this pretext procure the sale to be dissolved. The same rule, he continues, prevails in our law and has received a very lax construction in favor of vendors. It has been decided that no relief lies against a vendor for having falsely affirmed that a person bid a particular sum for the estate, although the vendee was thereby induced to purchase it and was deceived in the value. Neither can a purchaser obtain any relief against a vendor for false affirmation of value ; it being deemed the purchaser's own folly to credit a nude assertion of that nature. Besides, value consists in judgment and estimation, in which many men differ. (1 Sug. V. & P. 2.) Considering that this was the third attempt to make a defence, and that this attempt was inconsistent with the others, which were inconsistent with each other, the conduct of the defendant has more the appearance of trifling with the court than that of making an answer to the action. The defences were naturally weakened by their inconsistencies, and, under the circumstances, the court acted correctly in requiring of the defendant a legal defence clearly and intelligibly stated. The answer fails to show any such imposition on the defendant as would authorize the granting him any relief. After three efforts he should have made a plain case, one that showed that he was deceived and imposed upon, and not one which is never heard of until he is called upon for the payment of the purchase money. There is no allegation that the misrepresentation was of something material, constituting an inducement or motive to the contract. It is stated that reliance was placed on the representations of the plaintiff, but it is nowhere averred that the improvements were the inducement to the purchase. What are improvements is a matter about which men may differ. What is an improvement in the judgment of one man may be a deterioration in the opinion of another. Why was not the character of the improvements stated ?

Judgment affirmed ; Richardson, Judge, concurring.