PEERS, Respondent, v. DAVIS' ADMINISTRATORS, Appellants.

1. Where a contract is reduced to writing, the written instrument is presumed to contain the whole contract; parol evidence is inadmissible to contradict or vary its terms.
2. False representations made by a vendor in the sale of a chattel, to amount to a fraud upon the purchaser, must be known to be false when made, and made with intent to deceive.
3. Where a new trial is sought on the ground of surprise by the exclusion of depositions of witnesses residing more than forty miles from the place of trial, the affidavit accompanying the motion for a new trial should set forth the testimony contained in the depositions, or at least the substance of it, so that it could be determined by the court whether it is material or not.
4. Surprise, in its legal acceptation, denotes an unforeseen disappointment in some reasonable expectation against which ordinary prudence could not have afforded protection. The fact that witnesses, whose depositions are taken, reside within forty miles of the place, is a fact of which the party taking such depositions can inform himself by ordinary diligence; if it be not known, the want of knowledge is to be attributed to his own *laches,* and surprise thus produced can not be ground for a new trial.

### Appeal from St. François Circuit Court.

This was an application to the county court for the allowance of a demand against the estate of Luke Davis. The foundation of the demand on a promissory note for one hundred dollars given by said Davis to one Milton Sebastian. This note was given in part consideration of the sale of a female slave named Katy, and was assigned to plaintiff. The bill of sale executed by said Sebastian, so far as it is necessary to set forth the same, is as follows: "Know all men by these presents, that I, Milton Sebastian, of, &c., for and in consideration of the sum of two hundred dollars, to me in hand paid by Luke Davis, of, &c., the receipt whereof, &c.,

do by these presents bargain, sell, transfer, assign and deliver unto the said Luke Davis, his executors, &c., a negro woman, slave for life, called and known by the name of Katty, now about the age of fifty years old, together with all my right, title, interest, claim and demand of, in and to the said negro woman slave : To have and to hold, &c. ; and the said Milton Sebastian for himself, his executors and administrators, does hereby covenant to and with the said Luke Davis, his executors, &c., that said negro woman is a slave for life. Given, &c.　[Signed] Milton Sebastian [seal]."

The evidence tended to show that at the time of the sale the negro woman was between seventy and eighty years old, and was quite worthless as a slave.　The defendants offered Koen, one of the defendants, as a witness to testify, as stated in the bill of exceptions, " as to matters occurring anterior to the death of his intestate, to show the representations made by Mr. Sebastian at the time he sold the negro woman."　The court refused to permit him to testify, on the ground of incompetence.　Certain depositions were excluded on the ground that the witnesses resided within forty miles of the place of trial.　Several witnesses were introduced, who, as stated in the bill of exceptions, " severally testified to a conversation in which Luke Davis, in a grocery, about a year ago, stated that he told Sebastian, at the time the bill of sale was being written, to put the age of the negro at about fifty or fifty-five years, and not to make her too damned old, as he might want to sell her again."

The court, at its own instance, gave the following instructions : " 1. If the jury find from the evidence in the cause that the note sued on was given in consideration of the purchase of the negro woman from Milton Sebastian, and at the time of the sale Sebastian made false and fraudulent representations in regard to the age, qualities or bodily capacity of said slave, whereby the purchaser Luke Davis was deluded into the purchase ; and if they further find that in consequence of the age, qualities, or physical condition, the said negro woman was worthless and of no value, they will find a

verdict for the defendants. 2. But the jury are further instructed that the want of value of the slave in consequence of her age and physical infirmity is not of itself sufficient to invalidate the sale, unless accompanied with proof of false representations by Sebastian at the time of the sale, by which the said Davis was deceived and deluded into the purchase."

The court refused the following instructions asked by defendants: " 1. If the jury find from the evidence that the note read in evidence was given in consideration of the purchase of a negro woman from Milton Sebastian, and that said Sebastian falsely represented to said Davis at the time of the sale that said negro woman was many years younger than she was in fact, and that he also falsely represented to said Davis the qualities and capacity of said negro much better and greater than they were in fact, which representations were the main inducements to the trade, and that the negro woman was in fact worthless, diseased and many years older than represented by said Sebastian, then the plaintiff can not recover in this action. ' 2. The statement in the bill of sale by Sebastian, in describing the negro slave, that she was fifty years of age, amounts to a representation on his part that she was of that age, or at least not greatly above that age, and if such statement was untrue it is in law a fraud upon Davis."

The jury found for plaintiff.

*Noell*, for appellants.

I. The court erred in excluding the testimony of Hardy Koen. He is not incompetent as a party. (R. C. 1855, tit. Witnesses; 20 Mo. 17; 23 Mo. 65.) The court erred in refusing the second instruction asked. The statement in the bill of sale amounted to a representation. The second instruction given was erroneous. It is not the law that there must have been false representations. If the property was wholly worthless from disease such as rheumatism, and Sebastian sold the negro and failed to disclose the fact, then

the defendant would have been entitled to relief. No man is allowed to take something for nothing. There must be a consideration for every promise: The court erred in refusing a new trial on the ground of surprise. The depositions were taken because the witnesses, it was believed, resided more than forty miles from the place of trial. It seems they lacked a mile or two of the distance. The defendants were surprised by the action of the court.

*Beal*, for respondent.

I. The note sued on is for value received, negotiable and payable without defalcation or discount, and not subject to any set-off or any other defence as against the assignee. (20 Mo. 354.) The court properly excluded Hardy Koen as a witness. The court properly refused to allow the depositions to be read. The affidavit of defendants of surprise does not help the defendants' manifest negligence. It was their business to know whether their witnesses resided at such distance from the place of trial as would entitle them to read their depositions. The instructions asked were properly refused. (27 Mo. 21, 55.) The instructions given put the case fairly before the jury. There was no evidence of any misrepresentations made by Sebastian at or before the sale. (7 Mo. 514.) Statements made after the assignment of the note by Sebastian were not competent evidence. (6 Mo. 48; 18 Mo. 405; 27 Mo. 440.)

EWING, Judge, delivered the opinion of the court.

The exceptions to the ruling of the court below, insisted on here, are in excluding the evidence of Koen, administrator of Davis, and one of the defendants; refusing the second instruction asked by appellant, and overruling motion for a new trial.

Upon the first point it does not very clearly appear what was proposed to be proved by the witness Koen. It was stated generally to be representations made by Sebastian, the vendor of the slave in controversy, at the time he sold her

to Davis. If these representations referred to the transaction of sale, or any thing relating to the contents of the bill of sale, the evidence was incompetent, because the instrument itself was the best evidence of the agreement of the parties, and it could not be contradicted or varied by parol evidence. Where the contract is in writing, the instrument is presumed to contain the whole contract. But the facts sought to be proved by these representations are so vaguely and indefinitely indicated, that upon this ground, if for no other reason, we might well conclude that no error was committed in rejecting the evidence. In such cases this court can not say there is error, unless the facts, which the excluded testimony is intended to prove, are so indicated as to enable this court to determine whether they are admissible, and, if admissible, whether they are material upon this point. Therefore we are of opinion there was no error, for the reason stated, irrespective of the question of the competency of the witness, about which we express no opinion.

The second instruction asked by the appellant was erroneous and properly refused. In the first place, the bill of sale in evidence contains a warranty that the negro sold was a slave for life and no other; and it is not pretended that there is any warranty as to the slave's age. As to her age there is simply a representation, and that is made in such guarded and cautious terms and with such qualification as clearly to show the vendor's intention to incur no liability on that score, and to suggest the rule *caveat emptor* as the one which should govern the transaction in this respect. But the error of the instruction is in asserting the proposition that a representation by a vendor in the sale of property that is untrue is a fraud upon the purchaser. This is a *non sequitur*. However representations by the vendor *not known* to be true may be regarded in morals, they are not such as subject him to legal liability, unless known to be false. Representations made in the sale of chattels, although untrue in fact, may be made with no design to deceive, or commit a

fraud upon the vendor, and may be perfectly consistent with honest intentions and good motives in the transaction.

If the purchaser of the slave were suing for damages upon the ground which is set up as a defence in this action, it would not suffice to allege simply that the seller made false representations as to the slave's age, or as to any other matter which might be the subject of the alleged misrepresentations. Such facts would constitute no cause of action, and there would be no recovery unless there was an allegation of fraud.

In order to make a representation a ground for an action of deceit or fraud, it must be shown that the representation was known to be false, and that it was made with an intent to deceive, though the known falsity of a representation would be strong evidence of a purpose to practice a fraud. Where there is no warranty there can be no recovery for false representations made in the course of the sale unless they were known to be such by the vendor. In all such cases the ground of deceit is disposed of when the existence of the defect is found by the jury to have been unknown to the vendor. This doctrine is applicable only to the action or the defence of a deceit in the sale of a chattel. (Jolliffe v. Collins, 21 Mo. 242.)

If the slave, owing to her advanced age and bodily infirmities, was of little value, and the purchaser had a hard bargain, yet he chose to rely upon his own knowledge in making the purchase and not to exact a warranty except as to the single particular already mentioned. As to the age of the slave, which is represented in the bill of sale as being about fifty-five years, the evidence clearly shows that there was no cause of complaint on that ground; for at the time of the sale and when the bill of sale was being written, several witnesses testify that the decedent, Davis, told the vendor, Sebastian, to represent the age as the instrument expresses it, and "not to make her too old"—giving as a reason that he might wish to sell her again.

13—VOL. XXIX.

The remaining point is the refusal of the new trial. The bill of exceptions shows that certain depositions offered by appellants were excluded for the reason that the deponents resided within forty miles of the place of trial. In support of the motion the appellants filed their affidavit alleging that they were taken by surprise by the exclusion of the depositions; that they were of opinion that the witnesses resided more than forty miles from Farmington; and went into the trial in full confidence that such was the fact, and that they would have the benefit of said depositions. It further alleges that they expect to prove false and fraudulent representations made by Sebastian in regard to the age, qualities and physical condition of the slave.

The affidavit contains no averment of merits, or that the verdict is unjust. Moreover, the ground relied upon is insufficient in omitting to state in the affidavit what the depositions contained. The evidence should have been set out, or at least the substance of it, so that this court could determine whether it was material. It might have been immaterial; if so, there would have been no cause for a new trial. It is not enough that the party himself states the facts he supposes the excluded evidence will tend to prove. But had the evidence appeared in the affidavit, the facts alleged as the ground for a new trial, it is conceived, would not have warranted it. Surprise in its legal acceptation, it is said, denotes an unforeseen disappointment in some reasonable expectation against which ordinary prudence would not have afforded protection. Where the witnesses resided, whether more than forty miles from the place of holding court, was a fact of which the party could readily have informed himself by ordinary diligence; and that it was not known is to be attributed to his own *laches;* and surprise produced by the *laches* of the party is never a good cause for a new trial. (3 Graham & Wat. New Trials, 949.)

The other judges concurring, the judgment will be affirmed.