THOMAS P. MARTIN, Appellant, *v.* FRANK H. LUTKEWITTE, Respondent.

1. *Practice, civil — Actions — Partnership — Judgment — Chancery practice.* — Under the present code, where a partnership has been settled by a judgment, a bill for review according to the old chancery practice will not be entertained. Nor can such bill be allowed as being in the nature of an application to set aside the former adjustment on the ground of fraud, unless the fraud be specifically charged and pointed out, and be of such a nature as to have deceived the other party and the court, and such as could not have been exposed at the time.

Where the bill contains allegations of fraud, mixed with other matters merely showing error in the settlement, and was treated by the parties and the trial court as a bill of review, it may be stricken out on demurrer.

## *Appeal from St. Louis Circuit Court.*

*T. S. Espy*, for appellant.

*Garesche & Mead*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The partnership transactions of the parties had been settled by judgment, and the plaintiff, by leave, etc., files a bill of review according to the old chancery practice. The bill was demurred to, and the demurrer being sustained, he appeals. The practice peculiar to the old courts of chancery is abolished by the code. Everything is assimilated only so far as the distinction is preserved in the mode of trial and the relief. The trial may be by the court or a jury, according to the nature of the action and of the judgment to be obtained, and the judgment is that relief to which the law entitles the party, although it may formerly have been called a decree. All suits are called actions, and every petition is filed, the issues are made, and the proceedings go forward under the same rules before and after the trial, although in one case it might formerly have been called an action of *assumpsit*, and in another a bill for specific performance. Petitions, of course, vary according to the facts and the remedy to be applied, but witnesses are examined under the same rules; appeals and

Martin v. Lutkewitte.

writs of error are allowed, and no provision is made for a review or new trial in one class of cases not allowed in another. Counsel seem to suppose that because bills of review are not specifically abolished, they may still be resorted to ; but the code abolishes all peculiar forms of action and procedure, and substitutes another which contains no provision for such bills.

The plaintiff asks that if he is not allowed to review the former action of the court as under the old practice, his petition may be treated as an application to set aside the former adjustment on the ground of fraud. Judgments, and especially of partnership settlements, may be set aside for fraudulent practices and concealments in obtaining them. But the fraud must be specifically charged and pointed out, and it must have been of such a nature as to have deceived the other party and the court, and which could not have been exposed at the time ; as if a partner who has exclusive control of the partnership books and exclusive knowledge of the transactions under review, should make false entries, or fail to make proper entries, by which his copartners were deceived and a false settlement obtained, the settlement, as to the items fraudulently withheld or falsely entered, may be reopened. Or if there was any other deception practiced upon the party or the court in regard to a specific fact or transaction important to be known, and which it was the duty of the party to disclose, it is a fraud. Partners in the settlement of their accounts do not stand in the relation of ordinary litigants. Their relation is confidential, they are agents of each other, and concealments will not be tolerated.

The petition contains allegations proper in charging fraud, mixed with others that merely show errors in the settlement. It was treated both by the plaintiff and the court as a bill of review, and the court committed no error in sustaining the demurrer. Its judgment will be affirmed. The other judges concur.