EDWARD BROOKING, Respondent, v. EZRA W. SHINN, Appellant.

Kansas City Court of Appeals, March 28, 1887.

1. FRAUDULENT REPRESENTATION—DECEIT MUST BE INTENTIONAL.—In an action to recover damages for false and fraudulent representation, the *intentional deceit* is necessary to be found. But this appears from *knowingly* misstating a material fact, knowing that it was *acted on* from a belief in its truth, without any fault or negligence on the part of the person so acting. The known falsity of a representation is strong evidence of a purpose to practice a fraud.

2. PRACTICE—JUDGMENT FOR THE RIGHT PARTY.—If it appears from the whole record that the judgment was unquestionably for the right party, this court will not reverse for technical defect in an instruction. Nor will it reverse for a verdict being a few dollars more than is asked for, when offer is made to enter a *remittitur* here for the difference.

APPEAL from Clinton Circuit Court, HON. GEORGE W. DUNN, Judge.

*Affirmed.*

The case is stated in the opinion.

THOMAS E. TURNEY, for the appellant.

I.   The court erred in giving the declaration of law prayed by the plaintiff, because :  It does not require that the representations complained of should have been made with a fraudulent intent.   This is the foundation and gist of an action for deceit.   Cooley on Torts, 475 ; *Griswold v. Sabin*, 12 Am. Rep. 76 ; *Joliffe v. Collins*, 21 Mo. 338 ; *Peers v. Davis, Adm'r*, 29 Mo. 184 ; *Owens v. Rector*, 44 Mo. 390.   " The gist of an action for wilful and fraudulent misrepresentations and concealments is the actual evil intent of the defendant," and " the intent is not a necessary conclusion of law from his acts." *Pope v. Hart*, 35 Barb. (N. Y.) 630.   The declaration, which assumes to cover every issue in the case, and is equivalent to a special verdict, says that only these facts must be proved :  (1) That the defendant represented that the farm contained two hundred acres, knowing at the time that such representation was untrue, and second, that the plaintiff relied upon the representation and was induced by it to purchase the farm, as containing two hundred acres, without making further investigation. The omission is not harmless.   Unless the testimony introduced by the defendant is entirely disregarded, there is the most persuasive evidence that no fraud was intended.   When the defendant learned that the plaintiff said that he had been deceived by defendant's representations, he at once offered to rescind the trade.   At this time, the condition of the parties had not been changed. " Douglass had turned over nothing."   (2)   It does not require that the representations should have caused damage to the plaintiff.   Cooley on Torts, 475.   It may be argued that the damage necessarily follows, when the false representation is of the number of acres of land to be conveyed.   But this ignores the testimony of defendant's witnesses, which was intended to establish, and

certainly does tend to establish, that plaintiff would have purchased the land at the same price, if he had known that it contained only one hundred and eighty-six acres. The plaintiff could not recover for the deficiency, in a suit upon the deed, because it conveys two hundred acres, more or less, and because the purchase was of the farm, and not of the tracts of land by the acre. He would not rescind the contract when that was proposed by the defendant, and he elects not to rescind now, which he could do, by proving the facts required by the declarations. Electing to stand by his purchase and sue for damages for the deceit, he must show that the deception was intentional and that he was damaged by it. *Owens v. Rector, supra.*

II. The defendant's third declaration should have been given. *Langdon v. Green*, 49 Mo. 363 ; *Dunn v. White's Adm'r*, 63 Mo. 181 ; *Colliers v. Harkness*, 26 Ga. 362 ; *Buford v. Caldwell*, 3 Mo. 477.

III. The motion for a *new trial* should have been sustained, because the evidence does not warrant the finding and judgment. *Langdon v. Green*, 49 Mo. 363 ; *Saunders v. Hatterman, supra ; Dunn v. White's Adm'r, supra.*

IV. The motion *in arrest* should have been sustained, because the judgment is for two hundred and sixty-six dollars, while the damages alleged are two hundred and sixty dollars.

THOMAS J. PORTER, for the respondent.

I. "A cause will not be reversed by reason of erroneous instructions which could not have. prejudiced the appellant." *Breckinridge v. American Central Ins. Co.*, 87 Mo. 62 ; *Brink v. Railroad*, 17 Mo. App. 629. A refusal to give an instruction is not equivalent to the assertion of the converse proposition of law. *Nile v. Davis*, 19 Mo. 408.

II. While the "gist of an action for wilful and fraudulent misrepresentation and concealment is the

actual evil intent," and "the intent is not a necessary conclusion of law from his acts," "yet the known falsity of a representation is strong evidence of a purpose to practice a fraud." *Jolliffe v. Collins*, 21 Mo. 342, par. 2; *Peers v. Davis, Adm'r*, 29 Mo. 189.

III.   The court will not reverse for the reason that the judgment is for six dollars more than the damages alleged, but will afford an opportunity to respondent, and allow a *remittitur* of the excess. *Auchencloss v. Frank*, 17 Mo. App. 41; *West v. Ice Co.*, 19 Mo. App. 547.

PHILIPS, P. J.—This is an action to recover damages for an alleged false and fraudulent representation made by defendant to plaintiff in the sale of land, as to the number of acres contained in the farm. The allegation is, that the defendant falsely and fraudulently represented the number of acres to be two hundred, knowing the same to be false; that the tract contained, in fact, only one hundred and eighty-six acres. Damages laid at two hundred and sixty dollars, with prayer therefor, and interest on that sum.

The cause was tried by the court, without the intervention of a jury. The court found the issues for the plaintiff, and rendered judgment for the sum of two hundred and sixty-six dollars. Defendant has appealed.

Complaint is principally made by appellant against the following declaration of law, given by the court at plaintiff's instance:

"The court declares the law to be, that if the defendant represented the land in question to contain two hundred acres, knowing such representation to be untrue at the time, and the plaintiff relied on the representation as true, and was induced thereby to purchase the land as containing two hundred acres, without making any further investigation, and paid for the same, not knowing that the tracts contained a less number of acres, the finding should be for the plaintiff."

The criticism made on this instruction is, that it does not require that the false representation complained of should have been made with a fraudulent intent. It may be conceded that in such action the intentional deceit is necessary to be found. *Jolliffe v. Collins*, 21 Mo. 338; *Peers v. Davis, Adm'r*, 29 Mo. 184; *Owens v. Rector*, 44 Mo. 390. If, however, it appears from the whole record that the judgment was unquestionably for the right party, we ought not to reverse it for this technical defect.

An examination of the evidence, as presented in the record, leaves no room for a reasonable doubt that the defendant, during the negotiation for the sale of the land, and up to the moment of executing the deed to plaintiff, represented to him, in the most positive terms, that the tract contained two hundred acres; and that it did not, in fact, contain over one hundred and eighty-six or one hundred and eighty-seven acres. In fact, his testimony was that he knew it did not contain two hundred acres. By its verdict, the court found that the defendant knew at the time his representation was untrue and false, and that plaintiff, relying upon its supposed truth, was induced to make the purchase and part with his money.

How was the existence of the fraudulent intent to be ascertained but from the facts thus indisputably established? When the defendant knowingly misstated a material fact, knowing that his confiding neighbor was acting thereon, and parting with his money on belief of its truth, without any fault or legally imputable negligence on his part, the deduction of the existence of fraudulent intent becomes so inevitable, as the natural and unavoidable result of the other indisputable facts, that had the cause been submitted to a jury under a proper instruction covering the element of fraudulent intent, and the jury had returned a verdict against the plaintiff for want of proof thereof, it would have been the plain duty of the trial judge to have awarded a *venire de novo*.

Under such circumstances this court would be acting in violation of the spirit of the practice act and trifling with the due administration of justice, to reverse the trial court in this case, because it gave a declaration of law to itself, omitting an element of proof, the existence of which was too palpable for it not to have found.

The known falsity of a representation, says the supreme court in *Jolliffe v. Collins* and *Peers v. Davis, Adm'r* (*supra*), is strong evidence of a purpose to practice a fraud. Under the facts and circumstances disclosed by this record, we see no ground upon which the trial court could reasonably have predicated a doubt of the existence of the evil intent. Its judgment was so unmistakably for the right party that we will not disturb it.

Complaint is made that the verdict is for two hundred and sixty-six dollars, when the plaintiff only asked for two hundred and sixty dollars. To say nothing of the matter of interest, as the plaintiff offers to enter a *remittitur* here for the sum of six dollars, we will not reverse the judgment on so small a consideration. *Brink v. Railroad*, 17 Mo. App. 179-204.

The judgment of the circuit court is affirmed for the sum of two hundred and sixty dollars, with interest thereon from the date of the judgment first entered in the circuit court. Ellison, J., concurs ; Hall, J., absent.