JAMES W. WOOD, Plaintiff in Error, v. MENARD M. EVANS, Defendant in Error.

### Kansas City Court of Appeals, January 5, 1891.

1. **Pleading:** FRAUD MUST BE MATERIAL. Fraudulent misrepresentation does not furnish ground for equitable relief, unless it formed a material inducement to the agreement sought to be rescinded; and fraud should be circumstantially stated, so that the court can see that the misrepresentation was of something material, constituting an inducement or motive to the act of plaintiff and by which he was misled to his injury, otherwise the pleading will be bad.

2. ——: MISTAKE MUST BE MATERIAL. Mistake, to warrant relief in equity, must be material, and the facts must be such that they dominate and control the conduct of the party, and must go to the essence of the object in view and not be merely incidental, and a pleading failing to state such facts is insufficient.

*Error to the Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED

*Henry N. Ess* and *Leon Block*, for plaintiff in error.

(1) We need not show actual fraud in this case. Innocent misrepresentation is sufficient to obtain rescission in equity. The above doctrines are fully maintained by our supreme court. *Glasscock v. Minor*, 11 Mo. 655; *Dunn v. White*, 63 Mo. 181, 184, 185; *Isaacs v. Skrainka*, 95 Mo. 517, 524; *Harris v. Board of Ed.*, 3 Mo. App. 570; *Bank v. Allen*, 59 Mo. 310, 313; *Koontz v. Bank*, 51 Mo. 275, 280. (2) Though we have alleged fraud and mistake in our petition we may recover by proving mistake only. *Morrow v. Surber*, 97 Mo. 155, 161. Wood is entitled to rescission if it was represented that no grade was established, though Fancher was not agent

for defendant and Evans, though the representation was
without Evans' authority.   *De Perez v. De Everett*, 11
S. W. Rep. 388, 389.

*Peak, Yeager & Ball*, for defendant in error.

The petition does not state facts sufficient to
constitute a cause of action ; does not state that the
representations alleged to have been made are material,
or that the truth or falsity of the representations would
in anywise affect the value of the property, or that the
plaintiff had been damaged or injured by the represen-
tations.   The petition must state all the facts necessary
to constitute the cause of action, and must allege every-
thing that plaintiff would be required to prove in order
to recover.   *Scott v. Robards*, 67 Mo. 289 ; *Pier v. Hein-
richoffen*, 52 Mo. 333 ; *Arnold v. Baker*, 6 Neb. 134 ;
*Duffy v. Byrne*, 7 Mo. App. 417.

SMITH, P. J.—This was an action to cancel a con-
tract for the sale of real estate and for the recovery of
$500 which had been paid thereon.   The defendant had
judgment, and plaintiff brings the case here on writ of
error.

The substantive allegations of the petition were, that
the plaintiff and defendant entered into a contract in
writing, whereby the defendant agreed to sell plaintiff
a certain lot on Locust street in Kansas City, for $13,875,
of which sum the plaintiff was to pay, and did pay,
$500 at the making of the contract, and that the balance
was to be paid in deferred payments ; " that, at the
making of the contract, the defendant represented to
plaintiff that the grade on Locust street had not been
established and that it would not be more than twelve
feet ; " that, in truth and in fact, the said grade had
been established, and that it was fifteen feet below the
surface of said real estate, which was known to defend-
ant and unknown to the plaintiff, at the time of the

making of said representations; that said sum of $500 was paid under a mistake of facts, etc.; and that plaintiff would not have made said payment and signed said contract had he known the falsity of said representations, etc.

It is contended by the defendant that the petition does not state facts sufficient to constitute a cause of action. It will be observed it is not alleged that the representations were made for a fraudulent purpose, with the intent to mislead or gain an unconscionable advantage. Fraud must be specially charged and pointed out. *Jones v. Railroad*, 79 Mo. 88; *Martin v. Lukewith*, 50 Mo. 58; *Perrs v. Davis*, 29 Mo. 184; *Hodges v. Tony*, 28 Mo. 103; *Duffy v. Byrne*, 7 Mo. App. 418; Story Eq., secs. 199, 200; Cooley on Torts, 483. If there was any fraud in fact or in law in the case it should have been set out. *Reed v. Bott*, 100 Mo. 62. The charge of false statement is not equivalent to that of fraudulent representation. A statement may be untrue and not necessarily fraudulent. Fraudulent misrepresentation does not furnish ground for equitable relief unless it formed a material inducement to the agreement sought to be rescinded. *Powell v. Adams*, 98 Mo. 598. The petition does not allege or show that the statement made by defendant in respect to the grade of the street was material, nor are any facts stated showing in what respect it was so. It is not alleged that the value of the property was much less in consequence of the true grade being fifteen feet instead of twelve feet, as represented by the defendant; nor is it alleged that if the street on which the lot purchased was situate were brought to grade that it would result injuriously to the lot, or impair or affect its value in any respect. It is not stated that the cost of opening and grading of said street is a charge against the property thereon, nor that the difference in the grades will increase the charge against this lot. We must indulge

the presumption that the opening, grading and improving the streets of the city is generally beneficial to property on such streets. There is nothing stated which takes the property in question out of this rule. No injury or damage is shown to have in any manner resulted by reason of the representation of defendant, or that plaintiff was misled to his prejudice. Story Eq., sec. 203. The fraud should have been circumstantially stated so that the court could see that the misrepresentation was of something material, constituting an inducement or motive to the act of plaintiff, and by which he was actually misled to his injury. Story Eq., sec. 195. If the difference in grade did not substantially impair the value of the property, but only injuriously affected it to a trifling extent, this would not have the effect to avoid the contract. Story Eq., sec. 195, *supra.* Suppose that every allegation of the petition is taken to be true, what of it? Are there any facts stated which would warrant the interposition of a court of equity on the ground of fraud? We think not. Our conclusion is that there is no charge of fraud of which a court of law or equity can take cognizance.

But it is insisted that the petition states facts sufficient to bring the case within the jurisdiction of the court of equity on the ground of mistake. What has already been remarked applies with equal force when the petition is viewed as stating grounds of relief for mistake. The rule deduced by the supreme court of the United States from the authorities is, that a mistake, to warrant relief in equity, must be material, and the facts must be such that it dominated and controlled the conduct of the party. It must go to the essence of the object in view and not be merely incidental. *Greyones v. Saunders*, 93 U. S. 55. It is elsewhere stated that the rule as to mistake entitling a party to relief has this important qualification, that the fact must be material to the act or contract, that is, that it must be

essential to its character and an efficient cause of its concoction. If the contract is not materially affected by the mistake, relief will be denied. Story Eq., sec. 141; Kerr on Fraud & Mistake, 408; *Trigg v. Reed*, 5 Humph. 529; *Jennings v. Broughton*, 17 Beav. 541; *Hill v. Bush*, 19 Barb. (Ark.) 522.

Measuring the petition by these rules, it will be found to fall far short of meeting the requirements of the same. It nowhere appears that the contract was materially affected by the representations made, or that the defendant's mistake of facts was material, essential or an efficient cause of the concoction of the contract. Wanting as it was in these ingredients the petition was insufficient to warrant a court of equity in granting the relief demanded. It states no cause of action either for fraud or mistake.

In this view of the case it becomes unnecessary to notice the various points made by the plaintiff in his brief.

The judgment of the circuit court will be affirmed. All concur, except Judge GILL, who does not sit.