JOSEPH FENWICK, Respondent, v. GEORGE E. BOWLING, Appellant.

Kansas City Court of Appeals, June 13, 1892.

1. **Practice, Trial:** FILING INSTRUMENT SUED ON: OBJECTION TOO LATE. After answer filed admitting the execution and delivery of the note sued on, it is too late to ask the dismissal because the note was not filed with the petition as alleged therein.

2. **Fraud:** PLEADING FRAUDULENT REPRESENTATIONS: SCIENTER. A pleading counting on fraudulent representation, that avers no more than that they were untrue, without charging that they were knowingly or fraudulently made, is bad.

3. **Instructions:** DAMAGES: SIMILAR ONE FOR APPELLANT: SETTLEMENT. An instruction as to the measure of damages, set out in the opinion, is approved as substantially correct and free from harmful error since it harmonizes with one asked by appellant, and so of an instruction as to settlement; and an instruction foreign to any issue in the case, or not in harmony with others given, or that is substantially the same as one already given, or disputes a fact in the case, should not be given.

4. **Consideration:** FAILURE, WHEN PLEADED. A defendant cannot plead a total failure of consideration unless the article involved was worthless, not only for the purpose for which he bought it, but for every other purpose, and, where it is not worthless for every purpose, he must return or offer to return it before he can avail of such defense.

.5. **Evidence:** MATERIAL AND CUMULATIVE. Evidence that is material on a disputed issue should not be ruled out merely because it is cumulative. ·

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*Thurman & Wray* and *H. H. McCluer,* for appellant. '

(1) Note should have been filed, and motion to dismiss was the proper remedy. R. S. 1889, sec. 2088; *Adm'r v. Murdock,* 38 Mo. 224; *Rothwell v. Morgan,* 37 Mo. 107; *Christie v. Railroad,* 94 Mo. 456; *Railroad v. Knudson,* 62 Mo. 569. (2) Testimony should have been admitted on the counterclaim. *First.* Fraud was circumstantially stated, and that was sufficient. *Morehead v. Eades,* 3 Bush, 121; 1 Story's Equity [12 Ed.] sec. 203; *McBeth v. Craddock,* 28 Mo. App. 392; *Wood v. Evans,* 43 Mo. App. 230; 3 Greenleaf on Evidence [6 Ed.] sec. 554. *Second.* An assertion to the injury of another of something not known to be true is equally reprehensible in morals and law as that which is known to be false. *Caldwell v. Henry,* 76 Mo. 260; *Delaney v. Rodgers,* 64 Mo. 204; *Raley v. Williams,* 73 Mo. 310; *Pomeroy v. Benton,* 57 Mo. 548; *Cabott v. Christie,* 42 Vt. 121; *Wakeman v. Dalley,* 51 N. Y. 35; *Mayer v. Armidon,* 45 N. Y. 169; *Marsh v. Falkner,* 40 N. Y. 569; *Stene v. Denney,* 4 Metc. 151; *Ring v. Paint & Glass Co.,* 44 Mo. App. 115; *Wannell v. Kem,* 57 Mo. 488; *Simmons v. Carrier,* 68 Mo. 416. (3) The deposition of Frank J. Pilgrim should have been admitted. It showed that the firm from whom the dynamos in question came did not manufacture but repaired old machines, it also showed the value of

the various kinds of dynamos, the value of dynamos of this description. Other parts of it were admissible under the authorities cited in point 3. Wharton on Evidence, 448; Lawson on Expert Evidence, 443. (4) Instruction, numbered 1, should not have been given over the objection of the defendant. *Bank v. Armstrong*, 62 Mo. 66. (5) Instruction, numbered 2, should not have been given over the objection of the defendant. There was no testimony tending to show that this claim had ever been settled. *Case v. Maxey*, 6 Cal. 276; *Grigsley v. Nance*, 3 Ala. 347; *Scott v. Campbell*, 30 Ala. 728; *Stone v. Wendover*, 2 Mo. App. 251. (6) Instruction, numbered 6, asked by the defendant, stating that machinery was presumed to be fitted for the purposes sold, correctly stated the law and should have been given. *Lee v. Saddlery Co.*, 38 Mo. App. 201; *Implement Co. v. Leonard*, 40 Mo. App. 481; *Armstrong, Gilbert & Co. v. Tobacco Co.*, 41 Mo. App. 254; *Compton v. Parsons*, 76 Mo. 455; *Brown v. Weldon & Lankford*, 27 Mo. App. 251, see separate opinion of ELLISON, J., on page 268; *Brown v. Weldon*, 99 Mo. 564, 568-9; *Long Bros. v. J. K. Armsby Co.*, 43 Mo. App. 253; *Kerr v. Haymaker*, 20 Mo. App. 350; *Ferguson v. Huston*, 6 Mo. 407; *Murphy v. Gay*, 37 Mo. 535; *Barr v. Baker*, 9 Mo. 850; *Brown v. Edgington*, 2 M. & G. 279; *Gay v. Cox*, 4 B. & C. 108, 115; *Jones v. Bright*, 5 Bing. 533, 540; *Randall v. Newson*, 2 Q. B. D. 102, 107; Story on Sales [Perkins' Ed.] sec. 371, 472; *Jones v. Just*, L. R. 3 Q. B. 197, cited and approved in *Long Bros. v. J. K. Armsby Co.*, above; *Baumbach v. Gessler*, 48 N. W. Rep. (Wis.) 802; *Blackmore v. Fairbanks*, 79 Iowa, 282; *Oshkosh P. & P. Co. v. Ins. Co.*, 31 Fed. Rep. 200; *Best v. Flint*, 2 N. E. Rep. (Vt.) 604; *Houser v. Curran*, 25 Ohio Law Jour. 52; *Shaw v. Smith*, 25 Pac. Rep. 886. (7) Instructions, numbered 7 and 8, should have

Fenwick v. Bowling.

been given. They stated the rule correctly for ascertaining the sum, if any, which should have been allowed defendant against plaintiff's claim.. *Brown v. Weldon*, 99 Mo. 564; *Brown v. Weldon*, 27 Mo. App. 251; *Langdon v. Green*, 49 Mo. 367; *Anslyn v. Frank*, 8 Mo. App. 242; *Schultz v. Christman*, 6 Mo. App. 343; 2 Sutherland on Measure of Damages, 422, and cases cited; *Courtney v. Boswell*, 65 Mo. 199; 2 Schouler on Personal Property [1 Ed.] 611, 615; *Morse v. Hutchens*, 102 Mass. 439; *Morse v. Bracket*, 98 Mass. 205; *Bassett v. Brown*, 105 Mass. 558; *Weybieck v. Harris*, 31 Kan. 92; *Cooper v. Schlesinger*, 111 U. S. 148; *Perley v. Balch*, 34 Am. Dec. 56; *Moulton v. Scruton*, 39 Me. 287; *Muller v. Eno*, 14 N. Y. 597; *Haynor & Co. v. Churchill*, 29 Mo. App. 683; *Bradley v. Foster*, 1 Barb. Ch. 125, cited and approved in *Florida v. Morrison*, 44 Mo. App. 534; Benjamin on Sales [4 Am. Ed.] sec. 903, p. 1054.

*John B. Cole* and *T. W. Ditty*, for respondent.

There is nothing in defendant's first "point." It is altogether too late. *Burdsell v. Davies*, 58 Mo. 138; *Peake v. Bell*, 65 Mo. 224; *State ex rel. v. Eldridge*, 65 Mo. 584; *White v. Stephens*, 13 Mo. App. 240; *Bank v. Hoeber*, 8 Mo. App. 171; *Foster v. Railroad*, 1 Mo. App. 390; *Duffy v. Byrne*, 7 Mo. App. 417; *Smith v. Sims*, 77 Mo. 269; *Wood v. Evans*, 43 Mo. App. 230; *Jones v. Railroad*, 79 Mo. 92; *Martin v. Lukewith*, 50 Mo. 58; *Peers v. Davis*, 29 Mo. 184; *Hodges v. Torrey*, 28 Mo. 99–103; *Reed v. Bott*, 100 Mo. 62; Bliss on Code Pleading [2 Ed.] sec. 211; 1 Story on Equity, pp. 191–200; Cooley on Torts, p. 483.

SMITH, P. J.—This was a suit on a promissory note. The answer admitted the execution of the note

and pleaded a failure of consideration. The replication alleged a settlement as to the matters embraced in the defendant's answer. There was a trial and judgment for plaintiff, and the defendant has appealed.

I. The appealing defendant complains of the action of the trial court in refusing to dismiss the plaintiff's action. It appears the note sued on was not attached to the petition filed, although it was so stated therein. The petition stated a perfect cause of action on the note. The answer admitted its execution and delivery. There was no issue of this kind made by the pleadings. After thus answering and going to trial the objection was too late. *Burdsell v. Davies*, 58 Mo. 138; *Peake v. Bell*, 65 Mo. 224. And, if this were not so, it is quite difficult to see how the defendant was in any way prejudiced by the action of the court. We are forbidden by the statute in such case to reverse a judgment. R. S., sec. 2303.

II. The answer of the defendant, by way of counterclaim, charged that the plaintiff represented to defendant that he was the owner of two certain arc dynamos and attachments thereto, and also a certain franchise granted him by the city of Cape Girardeau to erect and operate an electric plant therein; also a contract with certain individuals of said city to take a specified number of lights at so much per month; also a contract for the power necessary to operate said electric plant, and also that it would not cost to exceed $1,200 to erect said machinery ready for operation under his franchise and contracts aforesaid, which representations were made for the purpose of inducing the defendant to purchase one-half interest in said machinery, franchise and contracts; that defendant, being ignorant of the said cost of erecting and installing said electric plant, and relying on the representations of plaintiff, was induced to purchase one-half

interest in said machinery, franchise and contracts, and to execute the note sued on and to pay $500 therefor; and, further, to bind himself by contract to pay one-half of the expenses necessary to erect and install said electric plant. It was averred, instead of costing the amount represented to erect and install the plant, it actually cost $2,700, and that defendant was, in consequence of such representations, compelled to pay $750 in excess of what he would have been compelled to pay had plaintiff's representations been true, whereby he was damaged in that amount, etc.

The plaintiff, at the trial, objected to the introduction of any evidence in support of the counterclaim alleged in the answer, for the reason the same, as alleged, did not state facts sufficient to constitute a cause of action. This objection was sustained, and the action of the court in that regard is assigned as a ground of error.

It is well settled that, in order to avoid a contract for fraudulent representations, the representations must have been knowingly false, or else they must have been made recklessly by the party without knowing whether they were true or false. The petition in such case must aver that the representations were not only false, but that they were fraudulently made. This would be a sufficient averment of the scienter. Representations which are untrue are fraudulent either when they are made knowingly, or when made recklessly, without a knowledge whether true or false. It will be observed that the answer avers no more than that the representations were untrue. It is not charged that they were knowingly or fraudulently made, so it is quite clear that the answer, when tested by the rule of decision in this state, is radically defective. *Austen v. Ober*, 26 Mo. App. 665; *McBeth v. Craddock*, 28 Mo. App. 380; *Caldwell v. Henry*, 76 Mo. 260; *Jones v.*

*Railroad*, 79 Mo. 92; *Peers v. Davis*, 29 Mo. 184; *Hodges v. Torrey*, 28 Mo. 103; *Dulaney v. Rogers*, 64 Mo. 201; *Walsh v. Morse*, 80 Mo. 568. The trial court did not, therefore, err in excluding the introduction of any evidence under the defendant's counterclaim.

III. The defendant complains of the action of the court in giving an instruction which directed the jury that they should find for plaintiff the full amount of the note, unless they further found that the note was given in part consideration for half interest in the dynamos, franchise and contracts, and that the plaintiff represented the said machinery was new and perfect and that plaintiff did not have a contract for ample power, and that defendant relied upon such representations as true, and, if they found further that said machinery and contracts were of less value than if they had been as represented by plaintiff that the jury should ascertain the difference and credit the sum on the note, and the balance, if any, due on the note, should be their verdict for plaintiff, and if there should be found no balance the verdict should be for the defendant.

This instruction may be subject to some slight criticism on account of want of clearness in statement and artistic finish, yet the facts embraced in its assumption, if found by the jury, were ample to justify either alternative therein stated. The measure of damages declared by this instruction is in exact harmony with that of the eighth instruction asked by defendant. In view of this there seems to be no solid ground of objection to the action of the court in the giving of this instruction. *Shinnabarger v. Shelton & Lane*, 41 Mo. 147.

IV. There was sufficient evidence before the jury to warrant the giving of the instruction in respect to the settlement. There was evidence which went in without

objection to the effect that, after the sale of the electric plant and the receipt of the money for it, there was a settlement of the various transactions between the plaintiff and defendant in respect to the erection and installment of the plant and the operation and sale of it. It is true the evidence shows that Bennett was interested as joint owner or partner with defendant in the one-half interest bought of plaintiff by defendant. Within the scope of the evidence of the settlement is included the transactions between plaintiff and defendant in respect to the electric plant venture, from the giving of the note to plaintiff by defendant to the division of the money arising out of the sale of it, and we think it tended to show a settlement, and was admissible for that purpose and furnished sufficient ground for the giving of the instruction in that issue.

Besides this, the defendant, by his fourth instruction, asked that the question of settlement be submitted to the triers of the fact, so that he cannot be heard to complain of the error, if such it was, in giving a similar instruction for plaintiff.

V. The court did not err in refusing the defendant's fifth instruction; it was foreign to any issue in the case.

VI. Nor was it error to refuse the defendant's sixth instruction. This instruction is not in harmony with defendant's eighth as to the measure of damages. It told the jury that if they found certain facts they were authorized to deduct the value of the machinery, etc., not the half of it, from the face of the note.

It is in evidence that defendant retained his interest in the machinery and contracts and sold the same for a large sum of money, and yet, by this instruction, he asks the court to tell the jury that, if the machinery, etc., was not fitted for the purpose for which it was sold to defendant, they should deduct, not the value of the half

purchased by him, but the whole value as it actually was from the note. Of course this was obviously wrong. It is needless to cite authority to demonstrate that defendant could not plead a total failure of consideration unless the machinery was worthless, for not only the purpose for which he bought it, but for every other purpose. Where it was not worthless for every purpose, as was the case here, it was his duty to return or offer to return it before such a defense was available to him. *Armstrong v. Tobacco Co.*, 41 Mo. App. 252; *Brown v. Weldon*, 99 Mo. 564.

VII. Nor is there any error perceived in the action of the court in refusing defendant's seventh and eighth instruction. The second given by the court on its own motion declares substantially the same rule as defendant's eighth, as has already been stated, and the defendant's said seventh assumes a disputed fact, which was that the machinery was of less value than it had been represented to be, and was for that reason properly refused.

VIII. The court, over the objection of plaintiff, excluded the deposition of Pilgrim, which, we think, was an error fatal to the judgment. The undisputed evidence was that the dynamos were second-hand, old style, of the Sperry manufacture. The witness was acquainted with the old and the new machines. As an expert, he stated his opinion as to their comparative value, and that the old Sperry machine was worth about half as much as the new. He further stated that the former were not perfect machines and did not work properly. Now, under the allegation of the answer that the machine sold was a new Sperry manufacture, fit for the purpose it was intended to be used, we think this deposition was admissible. Whilst this evidence was cumulative, still as the facts to which it related were disputed, we cannot say what effect it

would have had upon the mind of the jury. The defendant was entitled to the benefit of it before the jury. We cannot say that testimony so material would have had no weight with the jury.

.For this error the judgment must be reversed and the cause remanded. All concur.