LIVE STOCK REMEDY COMPANY, Plaintiff in Error, v. J. D. WHITE, Defendant in Error.

Kansas City Court of Appeals, June 3, 1901.

1. **Bills and Notes: DEFENSE: FALSE REPRESENTATIONS: INSTRUCTIONS: PLEADINGS.** Where in an action on a promissory note the defense is that the note was given for the purchase money of certain goods bought by reason of false representations of the payee on which the maker relied and which were false and known to be so when made, and said goods were worthless, an instruction need not require the jury to find that the plaintiff knew the worthless character of the goods when he made the representation.

Live Stock Remedy Co. v. White.

2. **Bills and Notes**: RECOUPMENT: DECEIT: INSTRUCTIONS. PLEADINGS. Where in an action on a promissory note for the purchase price of goods sold, the defendant undertakes to recover damages by reason of a bad character of the goods, he must show the false representations and the knowledge of the person making them, his ignorance of their falsity, the intention that he should act upon them, and such action, and an instruction that fails to require a finding that the maker of the representations knew their falsity at the time, is error.

3. **Sales**: INFERIOR GOODS: INSTRUCTIONS: ESTOPPEL. The fact that a purchaser of certain goods and the right to sell them in a certain county, made several sales, will not estop him to show that the goods were worthless when sued for the purchase price and their worthlessness will be a question for the jury.

ON MOTION FOR REHEARING.

4. **Trial and Appellate Practice**: REVERSAL OF JUDGMENT FOR DEFENDANT: REMITTITUR. Where the action was on a note and the defense contained a counterclaim, and the judgment in the trial court was against the plaintiff and for the defendant on the counterclaim, and the appellate court reversed the judgment because of error in the instructions and remanded the cause and thereupon the defendant remitted the judgment on his counterclaim, the appellate court will affirm the judgment against the plaintiff.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*M. T. January* for plaintiff in error.

(1) Proof of the scienter is essential in a defense based on fraudulent representations. Peers v. Davis, Admrs., 29 Mo. 184. Fenwick v. Bowling, 50 Mo. App. 516; Bank v. Byers, 139 Mo. 627. (2) It was therefore error to refuse instruction asked by plaintiff and error was committed in giving instruction No. 4 asked by defendant, and No. 1 given of the court's own motion. (3) It was error to give instruc-

tion No. 4 at defendant's request, because by his own admission he had, up to the time of the trial, sold several hundred pounds of the remedy for a sum exceeding $65 and had the money then in his pocket.

*C. G. Burton* and *Brown, Harding & Brown* for defendant in error.

(1) Proof of scienter is not essential to the defense based on the fraudulent representations of plaintiff. Sachleben v. Heintze, 117 Mo. 520; Bank v. Byers, 139 Mo. 627; Smithers v. Bircher, 2 Mo. App. 499. (2) Wherefore, the court did not err in refusing to give instruction asked by plaintiff, and in giving instruction No. 1, of its own motion, and instruction No. 4, at the request of plaintiff. (3) The fact that defendant received about $65 on the sale of the remedy does not avail the plaintiff; defendant is both under a moral and legal obligation to return such money to the parties who paid it to him.

SMITH, P. J.—This is an action on a promissory note. The answer of the defendant was to the effect, (1) that Keister, payee in said note (plaintiff's assignor), and one Sparks, sold defendant two thousand pounds of "Dr. Lyons' Hog and Poultry Remedy," with the exclusive right to sell the same in Vernon county, for the sum of four hundred and fifty dollars, and for which amount said note was executed; (2) that Keister and Sparks, as agents of plaintiff, to induce defendant to purchase said remedy, represented to him that it was a sure cure for hog and chicken cholera and all other diseases of hogs and chickens; that they had been working for plaintiff for several years and that they had never in all that time known or heard of a failure of said remedy to cure said diseases; (3) that defendant, relying upon said representations so made by

plaintiff's agents, made said purchase and executed said note; (4) that the said representations so made by plaintiff's agents were false and known to be so by them when made and were fraudulently made to induce defendant to purchase; (5) that said remedy was not a cure for hog or chicken cholera, and that the same, with the right to sell it in Vernon county, was wholly worthless.

There was a further allegation that the defendant went to great expense to test said remedy; that said remedy instead of being a benefit to hogs was a great detriment; that by the use of said remedy several of his hogs died and others were injured, to his damage in the sum of one hundred dollars; that on the day said note was executed he paid thirteen dollars thereon. The prayer was to be relieved from payment of the said note and for judgment for the one hundred dollars damages, and the thirteen dollars paid on the note.

There was a trial which resulted in a judgment for defendant and plaintiff appealed. The plaintiff assigns as error the action of the trial court in refusing to give its first instruction, and in giving defendant's fourth, and the first given on its (the court's) own motion.

That refused for the plaintiff told the jury the verdict should be for plaintiff unless it believed at or prior to the sale of the remedy to defendant, Keister and Sparks represented to him that it was a cure for hog cholera and all other diseases of hogs, and that said representation was false and *known to be false when made,* and that defendant believed said representation and was induced thereby to purchase said remedy and give his note for the purchase price. That given for defendant, as well as that given by the court on its own motion, was in substance the same as that refused for plaintiff, except that neither of them required the jury to find, as did that refused for plaintiff, that the *representations made by*

*plaintiff's agents to the defendant were known to them to be false when made.*

So the question now is, whether under the answer the jury should have been required by the instructions, before returning a verdict for defendant, to find that the plaintiff knew the representations were false when made by it. It is seen that the answer sets up certain facts as a defense to the note and also a counterclaim for damages as upon a cause of action for deceit. The facts stated, if true, create an equitable barrier to the plaintiff's right to enforce the obligation of the note. And though it is alleged in the answer that the representations were known by plaintiff to be false when made, yet this allegation was not required to be proved in order to make out a complete defense to the action. The court did not err in refusing to give plaintiff's instruction to the jury calling for a finding that the plaintiff knew the representations were false when made.

In Sachleben v. Heintze, 117 Mo. 520, it is said: "It is a settled rule in equity that where a contract has been materially induced by an innocent but substantial misrepresentation by one of the parties, the adverse contracting party (subject to some qualification hereinafter touched upon) may avoid, that is to say, rescind the contract. Under our system of law in which legal and equitable rights and remedies are recognized and applied in the same forum, a party who is brought into court to respond to a promise contained in a note may defend successfully by showing that its consideration has failed because of facts creating the equitable barrier to its enforcement just stated." In making the defense here pleaded, the defendant was not required to show the presence of the element of knowledge by the plaintiff of the falsity of the representations made by it: Bigelow on Fraud (1888 Ed.), 465-6; Bank v. Byers, 139 Mo. 627 loc. cit. 652-3; and therefore the said instructions given by the court were not erroneous

because they did not call for a finding by the jury of the presence of that element. In their application to the defense pleaded to the enforcement of the promise evidenced by the note, they were correct expressions of the law.

But the defendant's said instruction number four in its application to its counterclaim which, as has already been stated, was to recover damages as in an action for deceit, was erroneous. The court by its fifth instruction told the jury that if it found the facts to be as set forth in said instruction No. 4, and defendant fed the said remedy to his hogs according to plaintiff's direction, and that by reason thereof part of them died, then to find for defendant whatever said hogs were reasonably worth. To recover on the defendant's counterclaim it was required to show "the presence of the five elements of fraud," namely: (1) representation; (2) knowledge by the person making it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) intention that it shall be acted upon; (5) acting upon it with damage. As has been seen, the defendant's fourth instruction did not require a finding of the presence of the second element just referred to. Without the presence of that essential there could be no recovery on the defendant's counterclaim. Bank v. Byers, supra; Sachleben v. Heintze, supra; Fenwick v. Bowling, 50 Mo. App. 516, and cases there cited. The defendant's said fourth instruction was, as applied to the defendant's counterclaim, clearly erroneous.

No error is perceived in the action of the court in telling the jury, as it did by the defendant's sixth instruction, that if the remedy was wholly worthless, and the note sued on was executed by defendant before he ascertained that fact, to find for defendant. This was a correct assertion of the law as applicable to the case. Cumings v. Leedy, 114 Mo. 454.

The fact that defendant sold several cans of the remedy, would not render the instruction improper. It may have been

that he did not find out that it was worthless until after such sales, and it may be, too, that he will be required to return to the purchasers the price paid by them to him for it. Whether it was worthless or not was a question for the jury.

We have examined the other points suggested by the plaintiff in the brief of its counsel, but we do not think the same are well made. On account of the error hereinbefore referred to, the judgment must be reversed and the cause remanded. All concur.

### MOTION FOR REHEARING.

SMITH, P. J.—The jury under proper instructions, found adversely to the plaintiff on the cause of action pleaded in its petition. And under the improper instruction referred to in the opinion, found for the defendant on his counterclaim; and for the error of the trial court in giving this instruction we ordered a reversal of the judgment.

The defendant now by his motion offers to remit the amount of the judgment obtained on his counterclaim. If this is done it can not be seen that the plaintiff has any further ground for complaint.

In view of this, we shall sustain the defendant's motion and order the judgment of reversal, heretofore entered in the cause, to be set aside, and in lieu thereof that a judgment of affirmance be entered. The cost of the appeal to be adjudged against the defendant.